* Parker, J.,
delivered the opinion of the Court.
In this case, Colburn, the defendant, is declared against upon a promissory note made by him; and when the note was offered in evidence to support the declaration, it appearing to be, as construed by the judge, a promise in behalf of William Gill, a nonsuit was directed, on the ground that the evidence offered did not support the declaration. If the note warranted a verdict against the defendant in the present action, the nonsuit must be set aside, and judgment be rendered for the plaintiff upon the default of the defendant.
But we are all very clear that the nonsuit was properly ordered; *97 it being certain that a verdict could not have passed for the plaintiff upon this evidence, if the cause had gone on to trial. It appears upon the face of the note itself, that the present defendant was not to be considered as the promisor. He signed his own name, Pro William Gill; and the plaintiff’s remedy is against Gill, if Colburn had authority to make the promise for him; and if he had not, a special action of the case might make Colburn answerable.
This authority may be by paroi, by letter, by verbal directions, or may even be implied from certain relations proved to exist between the actual maker of the note and him for whom he undertakes to act; and it may sometimes be inferred from the subsequent assent or ratification of the party who is charged by the writing. But in all cases, the name of the party intended to be charged must appear upon the instrument itself.
But in the case at bar, the evidence exhibited by the defendant, although unnecessary for the purpose of discharging himself, abundantly shows that he had authority to promise for Gill, and that Gill is accountable for the contents of this note.
The counsel for the plaintiff has ingeniously endeavored to construe this note into a promise of Colburn to pay this money for W. Gill. But the obvious and true construction of the instrument is a promise of Gill by Colburn, * his agent [ * 99 ] or attorney. And, indeed, if the construction given by the plaintiff’s counsel were correct, he could not recover in the present action; for he should have set forth that, Gill being indebted, Colburn, the defendant, for forbearance, or some other legal consideration, promised to pay. There is, however, no reason to suppose this the nature of the transaction, and there seems to be no difficulty in the plaintiff’s pursuing his proper remedy.against Gill. The nonsuit must remain, (a)

Costs for the defendant.

 If the instrument appear to be executed in the name of the principal, the form of the words used is not material. —Wilks vs. Bach, 2 East, 142. — Spittle vs. Lavender, 5 Moore, 270. — 2 B. & B. 452. — Combes’s case, 9 Co. 77, a. — Frontin vs. Small, 2 Lord Raym. 1418. — White vs. Small, 6 D. & E. 642. — Taylor vs. Dobbin, Sir. 399. — Mott vs. Hicks, 1 Cowen, 513. — Episcopal Char. Soc. vs. Episcopal Soc. Dedham, 1 Pick. 372. — Mann vs. Chandler, 9 Mass. Rep. 335. —Mechanics’ Bank vs. Bank of Columbia, 5 Wheat. 326.