Curia, per

O’Neall, J.
These cases, and especially the last, might have been distinguished from Fash vs. *503 Ross, 2 Hill, 294; but it was thought better that that case should be reviewed, and if found to be untenable, that it should be reversed. Of that ease, it is proper it should be remarked in the beginning, that it was decided by a divided court; it is true, no formal dissent of any .member of the court appears on the record, but that was prevented by the fact that I was providentially called away from my post.
The next case, Taylor vs. McLean, 1 McMull, 352, was an exactly similar case, and was decided on the circuit, and in the Court of Appeals, on the authority of Fash vs. Ross, and without any further reason .or examination. The case of Moore vs. Cooyer, 1 Speers, 87, was also decided on the authority of Fash vs. Ross, as appears by the decision ; still, I have no hesitation in saying, it would not have been so decided, had not the presiding judge below stated that there was no proof of authority to Cooper to make the note. Notwithstanding these cases, neither,the bar nor the bench have been satisfied with the rule deduced from them.
The case of Fash vs. Ross placed the making of a promissory note by an agent, to bind the principal, on as strict a technical ground as that which exists in the execution of a deed. Indeed, it seems to me, it went further than was demanded by the great parent of the rule, Combe’s case, 9 Rep. 75. For, in that case, it was held, that if the act done purported to be in pursuance of a recited power by the principal, it was his act. But the case of Fash vs. Ross held the grammatical and legal construction of the words, “ I promise,” in a note signed for another, in pursuance of an authority for that purpose, to be the promise of the agent, and not of the principal. All the cases from which such a principle receives support, are cases of deeds ; and it will be seen, on looking into the authorities cited in Fash vs. Ross, that they all are of that class, with the exception of Combe’s case, which was the surrender of a copyhold, and in which the surrender was held good. In the case of Varnum, Fuller & Co. vs. Evans, 2 McMull. 409, the question, when a deed executed by an attorney would bind his principal, was reviewed by *504 the Court of Appeals. After a careful consideration of our own and the English cases, it was held, that if the deed recited that it was executed by an attorney, for and in the name of his principal, then, no matter how informal the execution might be, it was the deed of the principal. That is enough for the overthrow of Fash vs. Ross. For the signature to a parol contract “ for” the principal, as amply shews that it was done for another, as the recitation in a deed, that it was executed “ in the name and behalf of the principal.” In both cases, to give legal effect to the execution of the deed or the making of the promise, it is necessary to shew, by proof outside of the contract, that the agent had the authority of his principal to do what he did.
But there is a wide distinction between the technical formal execution of a deed, and the making of a parol contract. The one rests upon the technical artificial rule, that it must appear from the deed, that the sealing and delivery was in the name of the principal. In a parol contract, it is sufficient if it appear that it was intended to be made for the principal.
In 2 Kent's Com’s. 5th edition, 631, note a, the rules applicable to the two classes of cases are very well stated. An agent, in the execution of a deed, binds himself, and not his principal, unless he uses the name of his principal. “ In other contracts, it is sufficient if it appear in the contract, that he acted as agent, and meant to bind his principal.” In Mr. Justice Story’s excellent work on Agency, page 143, sec. 154, after having, in the previous sections, stated the law in relation to the execution of deeds, he says, “ although the rule is thus strict in relation to the mode of executing sealed instruments, where, from the objects of the instruments, as well as the due technical and legal operation of the same, it is essential that they should be in the name of the principal, and under his seal; yet a more liberal exposition is allowed in cases of unsolemn instruments, and especially of commercial and maritime contracts, which are usually drawn up in a loose and inar-tificial manner. In such cases, in furtherance of the public policy of encouraging trade, if it can, upon the whole *505 instrument, be collected that the true object and intent of it are to bind the principal, and not merely the agent, courts of justice will adopt that construction of it, however informally it may be expressed;” and he cites as an unquestionable authority for the rule, the case of Long vs. Colburn, 11 Mass. 97, which was supposed in Fash vs. Ross, to be a solitary case, unsupported by authority. In support of the same principle, he cites a string of cases, which fully support and sustain it. I will only turn to two of them. Rathbon vs. Budlong, 15 J. R. 1, may be first noticed. There, the note was, “ I promise,” “ for the Sus-quehannah Cotton and Woollen Manufacturing Company.” “Sam’l. Budlong, agent.” That great Judge, Spencer, said, “ it is perfectly manifest, that the note on which the suit is brought, was given by the defendant, as agent for the Susquehannah Cotton and Woollen Manufacturing Company, and that the goods for which the note was given, were sold on the credit of that company. To charge the defendant with the payment of the note, would violate every principle of justice and equity ; nor is the law so unjust. The general principle is, that an agent is not liable to be sued upon contracts made by him on behalf of his principal, if the name of his principal is disclosed and made known to the person contracted with, at the time of entering into the contract.”
In Pentz vs. Stanton, 10 Wend. 276, Sutherland, J. states the rule with great propriety. He says, “ where the name of the principal appears on the face of the instrument or contract, and it is evident that the agent did not intend to bind himself personally, but acted merely on behalf of the principal, if he acted by competent authority, the principal, and not the agent, will be bound.”
In Iredell’s (No. Ca.) Reports, June Term, 1843, p. 350, 3d vol. the case of Williamson vs. Canaday, will be found. It was an action on an express warranty of soundness of slaves sold by an agent, (Butler,) who recited in the bill of sale, not under seal, the receipt of the purchase money for the slaves, and then said, “ which negroes 1 warrant sound, healthy and free from all claims.” The *506 bill of sale was signed “John S. Butler, for Wy. Canaday.” On the circuit, it was objected that Canaday was not liable on the warranty, but the court held otherwise, and on appeal, the defendant’s attorneys (such lawyers as Badger, Haywood arid Saunders) abandoned the ground as untenable, and that sound lawyer, C. J. Ruffin, speaking of the abandonment of it, said, “ We think it was properly abandoned. The bill of sale is not under seal, nor in the name of the agent, and is, in law, the contract of the principal.”
After this review, it is manifest that Fash vs. Ross, Taylor vs. McLean, and Moore vs. Cooper, cannot stand; the last case was, possibly, rightly decided, on the fact, that proof of authority to make the note was not shewn ; but so far as it is a consequence of Fash vs. Ross, it must go with it.
In the first of these cases, Robertson vs. Pope, the proof was abundant, that Byers was the agent of Pope, and that Pope received half of the cattle bought for Neuffer and him. The note is signed “ for Nath’l. Pope — Sam’l. Byers.” It is plain, after proof of authority, that the note was intended to be the note of Nathaniel Pope. For, as was well said, by the plaintiff’s attorney in the argument in this court, if Byers intended to bind himself, why should he have signed the note “ for Nath’l. Pope.” His own name, without any thing else, would have made him personally liable. The verdict, therefore, in Pope's case, is right.
In Ligon vs. Irvine, the note is, “ we promise,” “for work done on the building of the G. S. (Glenn Springs) Comp.” Signed “O. B. Irvine, Pres. G. S. C.” It is perfectly plain from the words used, and the official character of the signature, that the defendant did not intend to bind himself personally, but the company of which he was president. If Fash vs. Ross had stood, we should have held him not to be liable ; but after it is overruled, there can be no pretence on which it can be contended he is liable.
The motion in Robertson vs. Pope, is dismissed.
*507 The motion for a nonsuit, in Ligón vs. Irvine, is granted.
Johnston and Dunkin, CC. and Evans, Butler, Warjd-law and Frost, JJ. concurred.
Harper, C. absent at the hearing.