The opinion of the court, Neviub, J., dissenting, was delivered by
Carpenter, J.
This case was submitted to us, on written *428 arguments of counsel, at the last term. The question may be stated to be, whether the plaintiff in error and defendant below is personally liable as drawer of the two bills or drafts, both of which are precisely similar; and whether that question is to be settled by the court, on the construction of the instruments, as a matter of law; or by the jury, with or without parol testimony, as a question of fact. Is the defendant personally liable on these bills as drawer, in consequence of his signature — “John Kean; President, the Elizabethtown and Somerville Rail Road Company;” and if so prima facie, can he discharge himself, on an issue of non assumpsit, by proving that the agreement was really made by him, by the authority, and as an officer or agent of, an incorporated company; and that the plaintiffs below knew these facts, at the time when these bills were received ?
In regard to the liability of agents, it is true that the question is generally settled by the answer to the same general inquiry— To whom is the credit knowingly given, according to the understanding of both parties ? This inquiry is sometimes a matter of fact, as when the contract is verbal and unwritten, and sometimes a matter of law, as when it depends upon the true construction of the terms of a particular written instrument. Bell v. Bruen, 1 How. 183; Story on Agency, § 63, note. In regard to these written instruments, while the greater strictness of construction is ordinarily applicable to the mode of executing sealed instruments by agents, a more liberal exposition is allowed in cases of less solemn instruments and especially of commercial and maritime contracts, which are usually drawn up in a loose and informal manner. In such cases, if it can, upon the whole instrument, be collected, that its true object and intent are to bind the principal, and not the agent, courts will adopt such construction however informally expressed. Story on Agency, § 154, 160, and 288.
I adopt the opinion of the court below, that the construction of these bills, in order to ascertain the liability or otherwise of the defendant, is matter of law; and of consequence, the further decision of the court, that parol evidence was inadmissible to discharge such liability.
The cases cannot be entirely reconciled, but the weight of *429 authority and the true principle appears to be, that parol testimony is not admissible for the purpose of exonerating an agent, who has entered into a written contract, in which he appears as principal; even though he should propose to show, if allowed, that he mentioned his principal; though such evidence may be admitted for the purpose of charging the principal. Higgins v. Senior, 8 Mees, and Welsby 440; Jones v. Littledale, 6 Adolphus and Ellis, 486. S. C. 33, Eng. C. L. Rep. 122. In the last case, Denman, C. J., in delivering the judgment of the court^ says, “ that if an agent contracts in such a form as to make himself personally responsible, he cannot afterwards, whether his principal were or were not known at the time of the contract, relieve himself from that responsibility.” Thus, in the analogous case of remedy against a dormant partner, he is liable on a contract relating to the firm, made in the ostensible partner’s name alone, because he is taken to have adopted the name of the ostensible partner as his own, for the purpose of such contracts; so that when the ostensible partner signs his name to such contracts, he signs a word, the meaning of which comprehends not himself alone, but his partner also. It is in fact a question of signification ; and here parol evidence is admissible for the purpose of charging the dormant partner, but not for the purpose of discharging the ostensible partner, whose name is on the instrument-.1
The true rule appears to be, that parol testimony is admissible for the purpose of introducing a new party, but not for that of discharging an apparent party to the contract. The admission in the one case does not contradict the written instrument. It does not deny, that it is binding on those, whom, on the face of it, it purports to bind but it shows, that it also binds another, by reason that the act of the agent, in signing the agreement, is also the act of the principal. On the other hand, to allow evidence to be given that the party, who appears on the face of the instrument to be personally a contracting party, is not such, would be to allow parol evidence to contradict the written agreement. 2 Smith Lead, cases 224 et seq. Story on Agency, § 270 and note.
The case of the Mechanics Bank v. Bank of Columbia, 5 Wheaton, 326, cited and principally relied upon by the counsel *430 of the plaintiff in error, is so far as regards the ease itself, consistent with these rales. The object of the evidence admitted in that case was not to discharge the agent, but to charge the principal ; not to discharge the cashier, but to show that the bank of which he was the cashier was liable. But I apprehend that the evidence as to the mode and effect of the cashier’s signature, was admissible, under another point of view, not applicable to the present case. In relation to commercial customs, as for example, the usage of banking institutions, 9 Wheaton, 581, extrinsic evidence of such usage is admissible to annex incidents to written contracts, in matters in respect to which they are silent; and this rule applies to commercial contracts, and only when consistent with the terms of the written contract. Under this rule, although such evidence is sometimes admissible to add to or explain, it is never so, to vary or to contradict, either expressly or by implication, the terms of a written instrument. 2 Stephen’s N. P. 1547. 1 Smith’s Lead. Cs. 305, 309. Story on Agency, § 77. § 114. 1 Greenleaf Ev. § 294. 1 Mees, and Weis R. 474.
The main point in the present case will then recur; by the construction of these instruments is the defendant below personally liable as the drawer thereof ? I have come to the conclusion that, upon the face of these bills, he is personally liable.
The rule unquestionably is, that an agent may be bound by express understanding, though in the contract or covenant he give himself the description of agent. 2 Kent Com. 402. On sealed contracts the following cases are well known authorities. Appleton v. Binks, 5 East. 148. Taft v. Brewster, et al. 9 John 334. Sheldon v. Dunlap, 1 Har. Rep. 245.
-Under the liberal exposition allowable in informal instruments not under seal, if it can on the whole instrument be collected, that the intent is to bind the principal and not the agent, that construction will be adopted, however informally expressed. Doubtless, if the instrument appears to be executed in the name of the principal, the form of the words is not material. Spittle v. Lavender, 2 Brod. and Bing. 452. S. C. 6 Eng. C. L. Rep. 196. Long v. Colburn, 11 Mass. 97. Emerson v. Providence Hat Co., 12 Mass. 237.
So, when a note purported to be a promise by the “ Patent *431 cloth manufacturing Company,” and was signed “ William Shot-well, agent,” the agent was held not to be answerable in his individual capacity. Shotwell v. MaKown, South. Rep. 828 But a note drawn thus, “ I, A. B., President of the corporation, (naming it), promise to pay,” signed “A. B., President,” would be deemed the personal note of A. B. and not of the corporation. Story on Agency, § 154; Hills v. Bannister, 8 Cow. 31.
The same principles of construction will apply to cases, where bills are drawn or accepted or endorsed by agents. If, from the nature and the terms of the instrument, it clearly appears, not only, that the party is an agent but that he means to bind his principal, and to act for him, and not to draw, accept or endorse the bill on his own account, that construction will be adopted, however inartificial the language may be, in furtherance of the intention. But if the terms of the instrument are not thus explicit, although it may appear that the party is an agent, he will be deemed to have contracted in his personal capacity. Without, intending to sanction the extent to which the doctrine has been pressed in a case cited, Thomas v. Bishop, Str. 955 ; where a bill, drawn by the principal upon the agent, with the description of his office or agency annexed and directed to be placed to the account of the principal, was, on a general acceptance held to bind him personally; still I take it, that a bill signed by an individual though with his title of office annexed, will be so held binding; and the description treated as a mere designation of the person, and not as a qualification of his personal liability. In such case the question may be put: who is it that undertakes to pay ? Here clearly, “ John Kean, President,” &c. He styles himself President of the Somerville Rail Road Company ; but, he alone promises to pay. The bill is drawn payable to the order of the Rail Road Company, and signed “ John Kean, President,” &c. Compare the signature of the drawer, with the endorsement on the part of the company; the endorsement, in the latter case, being “ The Elizabethtown and Somerville Rail Road Co., by John Kean, President.” In the one case, it is the act of the company by its officer, in the other, the act of the individual officer. I am of opinion that the judgment should be affirmed.
Judgment affirmed.