Kingman *v.* Kelsie.

―――

### HENRY T. KINGMAN *vs.* ALBERT H. KELSIE.

A promissory note, expressed in the following terms : " We, the members of com pany G, &c., jointly and severally agree to pay," &c., and signed by an individual. with the words, " Treasurer for Company G," appended to his name, does not of itself necessarily import, that the signer is a member of the company; and, there fore, the mere production of such a note, on the trial of an action against th signer, without proof that he is a member of the company, is not sufficient evi dence of that fact.

THIS was an action by the indorsee against the maker of a promissory note of the following tenor : ―

" Boston, March 4, 1845. For value received, we the members of Company G, 1st Light Infantry Reg. 1st Brig. 1st Div. M. M. jointly and severally agree to pay C. S. Fifield, or order, One Hundred and twenty-nine dollars sixty-nine cents on demand with interest. $129·69. Albert H. Kelsie, Treasurer for Company G."

Indorsed, " Without recourse to C. S. Fifield."

The declaration contained the common money counts, and a special count, alleging that the defendant, on the 4th of March, 1845, by his note in writing, for value received, promised one C. S. Fifield, to pay him or his order one hundred twenty-nine dollars sixty-nine cents, on demand, with interest; and that Fifield indorsed the note to the plaintiff, of which the defendant had notice, and, in consideration thereof, promised the plaintiff to pay him the amount of the note, according to its tenor; but that the defendant had not paid the same.

At the trial, which was in the court of common pleas, before *Cushing*, J., the plaintiff, to support his action, offered in evidence the note above described, the signature of which was not denied. The defendant objected, that this evidence did not comport with the declaration, but the judge overruled

the objection, and admitted the note in evidence to the jury. No other evidence was offered by either party, and no other question arose. The jury returned a verdict for the plaintiff for one hundred forty-seven dollars eighty-four cents, and the defendant thereupon alleged exceptions.

*I. J. Austin,* for the defendant, referred to *Long* v. *Colburn,* 11 Mass. 97 ; *Ballou* v. *Talbot,* 16 Mass. 461 ; *Bradlee* v. *Boston Glass Man. Co.,* 16 Pick. 347 ; *Rice* v. *Gove,* 22 Pick. 158 ; *N. E. Mar. Ins. Co.* v. *D'Wolf,* 8 Pick. 56.

*H. C. Hutchins,* for the plaintiff, referred to *Packard* v. *Nye,* 2 Met. 47.

SHAW, C. J.    This is an action of assumpsit against the defendant, severally, upon a promissory note purporting to be the joint and several note of a military company, signed by the defendant as their treasurer.    The note purports to be that of the members of Light Infantry Company G, first regiment, first division, Massachusetts militia, signed by Kelsie, the defendant, " Treasurer for Company G."    This does not purport to be the note of Kelsie, but that of the members, acting by Kelsie.    It was insisted, that by the term " We," he must have meant to include himself; but not necessarily. " We " is immediately explained by the description, " the members, &c."    Now, if a number of individuals may bind themselves, jointly and severally, by a significant description, by which the persons may be identified, without any names, they may do so by one of their own number, or by any other person duly empowered.    But, in order to bind any body by such a contract, two things must be proved ; first, that the party signing was empowered to make such contract ; and, second, that the party sued was one of the number included in the description, and bound by the power.    If the party signing is one of the number embraced in the description, no further proof of power would be required to bind himself. But it is obvious, that, unless it appears on the note itself, or by the signature, as it might, as " For self and Company G," or words equivalent, proof *aliunde* must be given to show that the signer was one of the promisors.    It appears to us

therefore, clear, that the mere production of the note, without proof that the signer was a member, does not show, that it is the note of the signer, as one coming within the description of persons whom the note purports to bind.   If he was not duly authorized to sign the note for the members of the company individually, then he might be liable, on another ground, on a special declaration charging that fact.   *Long* v. *Colburn*, 11 Mass. 97 ;   *Ballou* v. *Talbot*, 16 Mass. 461. Had it been proved, that the defendant was one of the company, and so bound by the note, perhaps, according to the rule, that a contract may be declared on according to its legal effect, this would have been sufficient to support the special count in the declaration on the note, as his note, or a count in *indebitatus assumpsit* for money had and received.

*Exceptions sustained.*