WILLIAM JEFTS & Wife *vs.* SIMEON D. YORK.

An agent, who exceeds his authority, as such, in signing a note which purports to express the promise of his principal, is not personally liable thereon.

This was an action of assumpsit, in which the plaintiffs declared on the common counts, and offered in evidence a note, given to the female plaintiff, then unmarried, of which the following is a copy : —

" Lowell, Oct. 14, 1842. $100. For value received, the pastor and deacons of the First Freewill Baptist Church in Lowell, in behalf of said church, promise to pay Betsey Tilton, or her order, the sum of one hundred dollars, to be paid in two years, if called for, by giving one month's notice, with interest annually. S. D. YORK, Agent for the First Freewill Baptist Church in Lowell."

At the trial, before *Bigelow*, J., in the court of common pleas, the defendant contended, that he was the agent of the First Freewill Baptist Church in Lowell, a religious association of individuals not incorporated, or of the pastor and deacons of the said church, and signed and gave the note in suit in his capacity as such agent thereto duly authorized, and was not personally liable thereon; and he introduced evidence to establish this defence.

But the judge instructed the jury, that the defendant's evidence was not sufficient to prove, that he had any authority to give the note in question for the pastor and deacons of the church, or for the church itself; and that having exceeded his authority, he was personally liable on the note in this action.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*R. B. Caverly,* (with whom was *T. Wentworth,*) for the defendant.

*B. F. Butler,* for the plaintiff.

DEWEY, J.   This verdict was returned under the ruling of the court of common pleas, that the defendant had not upon the evidence any authority to execute this note in the name of the pastor and deacons of the First Freewill Baptist Church in Lowell, or in the name of the church itself; and that having exceeded his authority, he was personally liable on the note.   The only question before us is as to the correctness of this ruling.   As to the right to charge personally, · as the promisor of a note, one who executes the same professedly as agent for a third person, but who in fact has no authority to act as such agent, the rule of law has been held differently by different judicial tribunals.

Our reported cases would seem to hold, that the instrument itself could not be enforced, in such case, against the agent who had transcended his authority.   Such was the strong suggestion in *Long* v. *Colburn,* 11 Mass. 97, and the same doctrine was more directly adopted and affirmed in the case of *Ballou* v. *Talbot,* 16 Mass. 461.   The opposite doctrine has prevailed in New York and also in other states. Giving full effect to our own decisions, we should of course now hold, that in the case supposed, the only legal remedy was an action for falsely representing himself as an agent authorized to execute the contract for the principal, in whose name he professed to act.

In our view, upon the facts here presented, it is unnecessary to consider very particularly the comparative soundness of the one or the other class of decisions referred to, though of course we should give effect to our own adjudicated cases, unless quite satisfied that they were founded upon erroneous principles ; but in the present case, it is quite enough to say, that it is impossible, upon any legal ground, to construe the instrument as the individual note of the defendant.   Had it been a note of this tenor, " I promise to pay A. B. one hundred dollars.   S. D. York, Agent for the Freewill Baptist Society;" it might be plausibly contended, that if the agency

was unauthorized, all the description of agent, &c., might be rejected, and the note be treated as the individual note of York. But the note is in no sense, and in no manner of reading it, a promissory note of York. In this instance, the body of the note contains the name of the promisor, who alone is the stipulated party to the promise contained in the note.

This action cannot therefore be maintained as upon a promise by the defendant. As to the suggestion, made in the argument, with respect to the right of the plaintiff to recover on the common money counts, for money had and received to the defendant's use, no such question is open under the ruling, upon which the verdict was taken.

*Exceptions sustained, and a new trial ordered.*