WILLIAM MORELL *vs.* HOSEA CODDING & others.

A note in this form — "We, the prudential committee for and in behalf of the Baptist Church in Lee," &c., signed by the makers, without addition to their names, binds the signers personally.

CONTRACT upon the following promissory note : " Lee, April 16, 1858. One year from date, for value received, we, the prudential committee for and in behalf of the Baptist Church in Lee, agree to pay William Morell or bearer one hundred dollars with use.     " Hosea Codding,
    " Moses E. Culver,
    " Francis Dillingham."
The defendants demurred to the declaration, assigning for cause that the note was not the note of the defendants, but of the Baptist Church in Lee. The demurrer was sustained in the superior court, and the plaintiff appealed to this court.

*J. E. Field*, for the plaintiff.

*M. Wilcox*, for the defendants.

DEWEY, J. The question here is, whether the form of this instrument does or does not import a personal contract on the part of the signers. Such liability may be created, although in fact the signers were agents authorized to contract for and bind their principal. Whether such a personal liability attaches in any particular case presented may often be a question of embarrassment and difficulty. We are to seek the intent of the parties ; but that intent is to be drawn from the language of the instrument.

The present case lacks one element, which, where it exists, is usually decisive of the character of the promise; that is, the introduction of the name of a principal as a part of the signature, as in the case of *Long* v. *Colburn*, 11 Mass. 97, where the form of the signature was "*pro* William Gill — J. S. Colburn," and in *Emerson* v. *Providence Hat Manufacturing Co.* 12 Mass. 237, where the promissory note was signed " for the Providence Hat Manufacturing Company — Frink Roberts ; " or the case of *Ballou* v. *Talbot*, 16 Mass. 461, where the signature was

" Joseph Talbot 2d, agent for David Perry; " and the case of *Rice* v. *Gove*, 22 Pick. 158, signed " Patten & Johnson, for Ira Gove; " in all of which cases it was held by this court to be the contract of the principal, and not of the agent.

The signatures of the present defendants are bald signatures of their own individual names, and nothing more. While it does not follow that where the words " Trustee," " Guardian of A. B.," " President of Eastern Railroad," and the like, are added to the name of the signer, it will avoid personal responsibility if the promise be a personal one, it is a very significant fact to fix such personal responsibility on the signer, that the name of another party does not appear in the signature. Hence in the case of a promise in the ordinary language of a promissory note, and a bald signature thereto, it must be taken to be the promise of the signer, and he cannot resort to oral evidence to show that in fact he was but an agent acting in behalf of another person, who was the real contractor.

The further inquiry is, whether there is in the body of this note any such recital as will relieve the signers from personal responsibility.

It is not enough to avoid personal liability that the maker recites that the promise is made by him " as Guardian of A. B.; " *Forster* v. *Fuller*, 6 Mass. 58; or that the promisors describe themselves in the body of the note as " Trustees for the Proprietors of the new Congregational meeting-house; " *Packard* v. *Nye*, 2 Met. 47; or as a " Committee of the town of Wayland; " *Simonds* v. *Heard*, 23 Pick. 120. The words, " We, the prudential committee," set forth in this promise, clearly are not sufficient to relieve the signers in the present case. We are brought to the single inquiry whether the words, " for and in behalf of the Baptist Church in Lee," found in the body of the note, change its character. Had these words immediately preceded or followed the names of the signers, with the " by " or " for," it would have been the promise of the Baptist Church in Lee.

In the case of *Bradlee* v. *Boston Glass Manufactory*, 16 Pick. 347, the words were, " We jointly and severally promise to pay

Morell *v.* Codding & others.

Messrs. J. & T. Bradlee or order, for the Boston Glass Manu-
factory ; " and it was urged that this sufficiently indicated that
the signers were agents, although they signed merely their indi
vidual names.    The court there said :  " The words, ' for the Bos-
ton Glass Manufactory,' if they stood alone, would perhaps
leave it doubtful and ambiguous whether they meant to bind·
themselves as promisors to pay the debt of the company, or
whether they meant to sign a contract for the company, by
which they should be bound to pay their own debt; though
the place in which the words are introduced would rather seem
to warrant the former construction."    But as the note was " the
joint and several " promise of the signers, for that reason, in
connection with the form of the signature, the words, " for the
Boston Glass Manufactory," in the body, did not control, and it
was held the personal note of the signers.

Although not precisely in the form of the present note, yet in
principle the cases before cited of *Simonds* v. *Heard* and *Pack-
ard* v. *Nye* would seem to govern this.    Enough there appeared
to apprise the payee that the signers were agents, and not prin-
cipals, in the business in relation to which the notes were given ;
but the court held that to be immaterial, if the signers, in the
form they adopted for the contract, assumed upon themselves a
personal promise.    Such seems to be the case here ; and, consid-
ering this promise of a similar character, the signers must be
personally charged.

We have not overlooked the case of *New England Marine
Ins. Co.* v. *De Wolf*, 8 Pick. 60, which may be thought some-
what at variance with the other cases.    The contract in that
case was in this form :  " By authority from J. D., I hereby guar-
antee the payment of this note.    I. C."    The signature itself
in that case was without any addition thereto beyond the name
of the signer.    But the introductory part, " by authority from
J. D.," was held to qualify and control the whole instrument,
and to constitute J. D. the principal.

As to the effect of the words, " for and in behalf of the Baptist
Church," in the present case, we may also refer to the case of
*Norton* v. *Herron*, 1  C. & P. 648, where the words were, " An

agreement made between George Herron, in behalf of Edward Barron, of the one part," in which the said George Herron stipulated to make a certain lease, and notwithstanding the recital that he was acting in behalf of a principal named, yet it was held to be a personal obligation.

Aware of the difficulties in questions of this nature, and that there is not entire harmony in the various decisions, we have adopted that result which seems most in accordance with our own adjudications.

*Demurrer overruled.*