King v. Handy et al.

## SIMEON W. KING
### v.
## HENRY H. HANDY ET AL.

1. PRINCIPAL AND AGENT—SIGNING AS AGENT.—The particular form of executing a contract not under seal. by an agent, is not material if it indicates a ministerial act on the part of the agent. So an order signed "Simeon W. King, for A. & R.," is a good execution of the order for the purpose of binding the principal. It is obvious from the signature, that it was neither given nor received as the order of King, but as the order of A. & R.

2. PAROL PROOF OF AGENCY.—It was competent to show by parol that at the time the order was made, appellant was acting as the agent of A. & R. in making the order, and so informed appellees.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. J. LYLE KING, for appellant; maintained that the memorandum or order was not the basis of the action, the question being to whom, on the evidence, was the credit given, and cited Pentz v. Staunton, 10 Wend. 271; Shattuck v. Eastman, 12 Allen, 374; Doyle v. Teas, 4 Scam. 202.

By appellant's manner of signing, an agency was disclosed, and parol testimony was admissible to explain the initials added to the signature: Reed v. Mann, 68 Ill. 206; Mattingly v. Darwin, 23 Ill. 618; Am. Ex. Co. v. Lesem, 39 Ill. 313; Lyon v. Williams, 5 Gray, 557; New England Marine Ins. Co. v. De-Wolf, 8 Pick. 56.

The manner of signing is sufficient to bind the principal: 1 Parsons on Bills and Notes, 91; Long v. Colburn, 11 Mass. 97; Frost v. Wood, 2 Conn. 23; Robertson v. Pope, 1 Rich. 501; Cook v. Sandford, 3 Dana, 237; Kaskaskia Bridge Co. v. Shannon, 1 Gilm. 15; Barker v. Garvey, 83 Ill. 184; Ohio & Mississippi R. R. Co. v. Middleton, 20 Ill. 629; Northwest Distilling Co. v. Brant, 69 Ill. 658.

Mr. HENRY BROWNE, for appellees; that the cause having been submitted for trial without a jury, the Appellate Court

will not disturb the finding, except it appears clearly wrong, cited Eastman v. Brown, 32 Ill. 53; French v. Lowry, 19 Ill. 158; Ambs v. Honore, 24 Ill. 122.

Parol proof is not admissible to show a signing as agent, where the contract contains apt words charging the signer personally: 2 Smith's Leading Cas. 369; Savage v. Rex. 9 N. H. 263; Mors v. Livingstone, 4 Comst. 208; Fisk v. Eldridge, 12 Gray, 474; H. M. & F. Ins. Co. v. Newhall, 1 Allen, 130; De Witte v. Walton, 5 Seld. 572; Hall v. Cockrell, 28 Ala. 507; Powers v. Briggs, 79 Ill. 493; Burlingame v. Brewster, 79 Ill. 515; Hypes v. Griffin, 11 Chicago Legal News, 33.

The burden of proof is upon appellant to show that he had authority to contract for his principals: Miller v. Stock, 2 Bailey, 163; 1 Am. Leading Cas. 766.

Appellees could sue for the value of the abstract, even though it had not been delivered: Wade v. Moffett, 21 Ill. 110; Tarling v. Baxter 6 Barn. & Cres. 360; Goddard v. Binney, 115 Mass. 450; Tasker v. Bartlett, 5 Cush. 359; 2 Robinson's Pr. 419; 2 Chitty on Con. 796.

MURPHY, P. J.   It appears in this case that on the 23d day of March, 1874, the appellees were carrying on the business of making abstracts of title to real estate situated in Cook county, from certain indexes to the records of Cook county, Illinois, then in their possession. It also appears that Simeon W. King, the appellant, was an attorney at law, practicing his profession in the city of Chicago, in said county, and that sometime about the 7th day of that month, Messrs. Augur and Robbins came to his office, entire strangers to him, to get some professional business transacted by him.   A business acquaintance appears to have ensued, during which Messrs. Augur and Robbins informed him that they were buying out the interest of the Rosett heirs to certain real estate in Cook county, and of the value of $200,000, and that it would be necessary to procure an abstract of the title to such property; a necessity which appellant appears to have recognized in his interviews with them.   On the 23d day of March, 1874, Augur and Robbins directed him, appellant, to procure for them such abstract,

when in pursuance of such direction he called upon appellees, informing them at the same time, as he testifies, that he came there in the interest and on behalf of Augur and Robbins, and that whatever he did in respect to the obtaining an abstract was for them; after which the appellees told him to sign an order, and it would be all right. He thereupon gave appellees an order for an abstract in the following words, namely:

"Chicago, March 23, 1874.

"Messrs. HANDY, SIMMONS & Co.: Make an examination, according to the indexes in your possession, to the records in Cook county, Illinois, of deeds, judgments, and tax sales of the title to the following described land in Cook county, Illinois. Prem. described in mem. left. See order. Estimated cost, $325.        (Signed)        SIMEON W. KING, for A. & R."

It appears that on completing the abstract, appellees presented their bill therefor to appellant and demanded payment, which being refused, they brought suit therefor in the Superior Court of Cook county, which at the April term of that court, for the year 1878, a jury being waived and the cause submitted to the court for trial, resulted in a judgment against the appellant for the sum of two hundred and ninety-one dollars, from which judgment he prayed an appeal to this court, and brings the record here for reversal, and assigns several errors, the first and second of which raise all the questions presented by the record.

It is insisted by the appellant, that upon the facts as submitted to the court below, the finding and judgment should have been in his favor and against the appellees. He insists that in the absence of extrinsic evidence, the palpable meaning of the instrument, that is, the order by which his liability is sought to be established, is to bind Augur & Robbins, and not him. That the fact of his acting in a representative capacity is patent, and that by no fair rule of construction can the instrument be made to establish a liability against him personally. But that the signing "Simeon W. King, for A. & R." is capable of but one construction, which is, that he is not principal in the transaction of obtaining the abstract, but agent, and that, as a consequence, the appellees could not have

been misled, and insists that the credit, as matter of fact, was given to Augur & Robbins. Whilst it must be admitted that the authorities are in conflict upon this question, and that the conflict is irreconcilable, it is believed the weight and current of authority, and the reason for the same, are obviously one way.

For the above proposition of the appellant there is high authority. In Story on Agency, at section 275, the learned author says "That if an agent should make a note in which he should say, 'I promise to pay,' etc., and sign it A. B. for C. D. (the principal), the question would arise whether he was personally bound or not upon the instrument in that form. We have already seen that it has been held that in such a case he is not personally bound if he has authority to sign the note from C. D." This text is fully sustained by the case of Rice v. Gove, 22 Pick. 158, and Long v. Colburn, 11 Mass. 97.

It is not perceived how a lack of authority from Augur & Robbins could aid the appellees in this action; the suit being in assumpsit, the declaration being the common counts only. For if the appellant's liability is sought to be established on the ground that he held himself out to the appellees as the agent of Augur & Robbins, when in fact he was without such authority, then such an act was a fraud, and the appellant would be liable to the appellees in an action on the case, but not in assumpsit. So that if in law his action was that of an agent and not of a principal, his lack of authority would not enable the appellees to maintain this action.

The particular form of executing a contract not under seal, by an agent, is not material if it indicates a ministerial act on the part of the agent. It becomes necessary, therefore, to inquire whether from the order itself it appears that the signer was giving form and effect to the order of the principal; or superadding a personal liability or obligation on the part of the signer. The form of the execution of the instrument is that of an act done in behalf of another. The order is signed "Simeon W. King for A. and R." This in a contract not under seal, is clearly a good execution of the order for the purpose of binding the principal. It is obvious from the signature that it was

neither given nor received as the defendant's order, but as the order of Augur & Robbins. This interpretation of the order is greatly strengthened by the showing made by the appellant, namely, that when he called upon the appellees, and was about to make the order in question, he fully made known and explained to them at the very time of, and constituting a part of, the same transaction, that he was there simply as agent and attorney for Augur & Robbins, and not in his individual capacity. From which the inference is irresistible, that the initials "A. & R." attached to appellant's name, was well understood by the appellees at the time, hence no further necessity existed for explanation to them.

So that in the light of these facts and circumstances, we cannot doubt but that at the time of this transaction it was well understood by the appellees as well as the appellant, to be a transaction with Augur & Robbins, and not the appellant. It is urged by the appellees that the parol proof made by the appellant in the court below was incompetent, and as a consequence should not have had any influence on the mind of the court below in determining the question of individual liability on the part of appellant. The answer to this objection is to be found in the case of the Ohio and Mississippi Railroad Company v. Middleton, 20 Ill. 629, which is full to the point, and sustains the competency of such proof. But if it were necessary that appellant should show his authority to act for Augur & Robbins in the matter of obtaining this abstract, we think that fact sufficiently appears from this record. Appellant testifies that at his office, before he called upon appellees, they, Augur & Robbins, informed him that they needed such abstract, and desired to have him obtain one for them. He testifies that it was in pursuance of this request that he called upon appellees. This testimony is uncontradicted, and appears to be sufficient to authorize appellant to call and order the abstract made for them, which, as we think, he did. Having so exercised such authority as to mislead no one, but, as we have seen, disclosed at and before the giving of the credit, as well by the manner of signing the order as by parol proof of the precise capacity in which he was acting, we can see no reason in law or justice

why he should be held bound personally. The learned judge who presided at the trial below took a different view of the law of the case, and rendered judgment in favor of appellees and against the appellant, which we think was error. For which the judgment of the court below is reversed, and the cause remanded.

Judgment reversed.