82 547
99 510

ANN M. GILMORE *vs.* WILLIAM B. BRADFORD.

Sagadahoc. Opinion May 28, 1890.

*Remedy. Deceit. Assumpsit. Principal and agent.*

The only remedy against one who undertakes to act as an agent without authority, or in excess of his authority, is an action on the case for deceit.

The gist of such an action, the contract being necessarily void, is not a failure to keep and perform the promise, but a false representation; and assumpsit does not lie.

In an action of assumpsit, brought after a loss by fire, the plaintiff alleged that he had negotiated and completed an oral contract of insurance on his property in a certain insurance company, through the defendant as its agent. The defendant denied making the contract, or that, for want of authority, the company was bound. The plaintiff requested the court to instruct the jury, "that if the defendant undertook to insure for the company, and had no authority to do so, he would be liable for that reason, under proof of other essential requisites." *Held,* that in this form of action, such instruction would be erroneous.

ON MOTION AND EXCEPTIONS.

This was an action of assumpsit, in which the plaintiff alleged that the defendant, being an agent of the Phœnix Insurance Company, for a valuable consideration undertook and promised

to effect insurance for her upon her mill property by said insurance company; that the property was destroyed by fire; and that the defendant never did effect such contract, etc.

The declaration also contained a count alleging that the plaintiff undertook and promised to procure such insurance with some good, sufficient and proper insurance company; and another count that the defendant himself promised and undertook to insure and did insure the plaintiff, etc.

The defendant contended that no contract in fact was made; that, as a broker, he was to be furnished with a measurement of distance between certain buildings before placing the risk, and this was not done before the fire. The plaintiff contended that the defendant accepted $3,000 on the property and agreed to examine it and see about placing another $1,000 on it. The defendant also contended that, if any contract of insurance was effected, it was with his company and not himself.

The case was submitted to the jury on these and other issues of fact. They returned a verdict for the plaintiff, and the defendant moved for a new trial.

At the close of the charge, upon the plaintiff's request, the presiding justice instructed the jury, in substance, that, "if the defendant had no authority to take such risk for the Phœnix Company, or other underwriter, and did not actually place the risk anywhere, the defendant is held in damages." The defendant excepted to this ruling.

*Savage and Oakes*, for defendants.

*W. Gilbert*, for plaintiff.

An agent who transcends his authority, or undertakes to contract without authority binds himself.

WALTON, J. The plaintiff's mill, containing circular saws and other machinery, was burned September 18, 1887. Her son, Augustus R. Gilmore, testifies that, three days before the fire, he negotiated and completed an oral contract of insurance on the mill in the Phœnix Insurance Company, through the defendant as its agent. The defendant denies the making of such a contract,

and says further that if he did, such a contract will not support an action against him. The plaintiff replies that if the defendant undertook to insure for the Phœnix Company, and had no authority to do so, he would for that reason be liable under proof of other essential requisites. The defendant, still protesting that he did not undertake to insure for the Phœnix Company, contends that if he did, and if for want of authority the company was not bound, still, this action, which is an action of assumpsit, can not be maintained against him; that the only remedy against him would be an action on the case for deceit.

The defendant is undoubtedly right. It is settled in this state and Massachusetts, by a series of decisions commencing as far back as 1814, that the only remedy against one who undertakes to act as agent without authority, or in excess of his authority, is an action on the case for deceit. *Noyes* v. *Loring*, 55 Maine, 408. Affirmed in *Teele* v. *Otis*, 66 Maine, 329; *Abbey* v. *Chase*, 6 Cush. 54; *Jefts* v. *York*, 10 Cush. 392; *Ballou* v. *Talbot*, 16 Mass. 461; *Long* v. *Colburn*, 11 Mass. 97.

"When one who has no authority to act as another's agent, assumes so to act, and makes either a deed or a simple contract, in the name of the other, he is not personally liable on the covenants in the deed, or on the promise in the simple contract, unless it contains apt words to bind him personally. The only remedy against him, in this commonwealth, is an action on the case for falsely assuming authority to act as agent." *Per* Metcalf, J., 6 Cush. 54.

"If one falsely represents that he has an authority, by which another, relying on the representation, is misled, he is liable; and by acting as agent for another, when he is not, though he thinks he is, he tacitly and impliedly represents himself authorized without knowing the fact to be true, it is in the nature of a false warranty, and he is liable. But in both cases, his liability is founded on the ground of deceit, and the remedy is by action of tort." *Per* Shaw, C. J., 10 Cush. 395.

"The remedy against one who fraudulently represents himself as the agent of another, and in that capacity undertakes to make a contract binding upon his principal, is an action on the case for

deceit, and not an action of assumpsit upon the contract. The gist of the action in such cases is not a failure to keep and perform a promise, but a false representation. * * * The contract is necessarily void. It is not the contract of the principal, for the pretended agent had no power to bind him. It is not the contract of the agent, for in making it he did not attempt to bind himself. How then can such a contract be the basis of a suit? Very clearly it cannot." 55 Maine, 411.

In this case, the exceptions show that at the close of the judge's charge, at the special request of the plaintiff's attorney, the court instructed the jury, "that if the defendant undertook to insure for the Phœnix Company, and had no authority to do so, he would for that reason be liable, under proof of other essential requisites." This was clearly erroneous. In an action on the case for deceit, such an instruction might be proper. In this action, it was clearly improper. The exceptions, therefore, must be sustained.

We will now consider the motion. In *Kidder* v. *Flagg*, 28 Maine, 477, the court held that, where a declaration is on a special contract, the contract must be proved as set forth, or the plaintiff can not recover; that if the evidence, in reference to the contract, and the supposed breach thereof, is altogether variant from what is set out in the declaration, a verdict for the plaintiff, not being warranted by the evidence, must, on motion, be set aside and a new trial granted.

In this case, the declaration contains three counts, each purporting to be upon a special contract, and the evidence supports no one of them. The first count alleges that the defendant promised to insure the plaintiff's mill in the Phœnix Insurance Company, but did not do so. The evidence of the plaintiff's son (and he is the only witness to the alleged contract) is, not of an executory contract, leaving something to be performed in the future, but of an executed contract, a contract completed, leaving nothing further to be done to complete the insurance, and furnish the plaintiff with a remedy against the Phœnix Company, in case of loss; for it is well settled that an oral contract of insurance, made with an agent, is binding on the company (*Walker* v. *Ins. Co.*, 56 Maine, 371), even if the agent in making it dis-

obeyed his instructions (*Packard* v. *Fire Ins. Co.*, 77 Maine, 144). The same objections exist with respect to the second and third counts,—namely, that the plaintiff does not offer a scintilla of evidence of the making of such contracts as are therein set forth. The only contract, of which the defendant offers any evidence, is the one already described ; and that is a contract with the insurance company, made by its agent, and can not be made to support an action of assumpsit against the defendant. If the agent lacked authority to bind the company, still, it is not his contract; and the only remedy against him is an action on the case for deceit.

At our consultation, immediately after the argument of this cause, we were unanimously of the opinion that the verdict was clearly wrong. But as the case was one of considerable importance, and involved important questions of law, it was deemed advisable not to announce the decision then, but to take time and give the case a more careful examination. We have done so, and our convictions, that the verdict must be regarded as clearly and most manifestly against the weight of evidence, have been confirmed. On such a question it is never profitable to review the evidence in detail, and we shall refrain from doing so in this case. It is sufficient to say that, after a most careful examination of the evidence, such is the conclusion to which the court has arrived.

*Motion and exceptions sustained.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.