Irish *v.* Webster & al.

## IRISH *vs.* WEBSTER & AL.

The Land agent cannot maintain an action in his own name, upon a promissory note not negotiable, given to him in his official capacity, for timber belonging to the state.

ASSUMPSIT against the defendants, as the makers of a promissory note of the following tenor :—" *Bangor, July* 28, 1824. For value received we jointly and severally promise *James Irish*, State's agent, or his successor in office, eighty-three dollars and thirty-three cents, in one year from date, with interest after." This note was given for logs cut on lands of the State, by permission of the plaintiff's predecessor in office. The plaintiff, at the date of the note, was, and still is the agent of the State for the management and sale of its public lands, under *Stat.* 1824, *ch.* 280; and the question was, whether he could maintain this action, in his own name, the note having been given to him in his official capacity, for a quantity of pine timber belonging to the State.

*Greenleaf* and *Godfrey*, for the State, referred to *Van Staphorst v. Pierce* 4. *Mass.* 258. 8. *Mod.* 116. *Hammond on parties* 33. note. *Alsop v. Caines* 10. *Johns.* 396. *Buffum v. Chadwick* 8.

Irish *v.* Webster & al.

*Mass.* 103. Clapp *v.* Day 2. *Greenl.* 305. *Fisher v. Ellis* 3. *Pick.* 322.

*Gilman*, for the defendants, cited *Gilmore v. Pope* 5. *Mass.* 491. *Niven v. Spikerman* 12. *Johns.* 401. *Pigott v. Thompson* 3. *Bos. & Pul.* 147.

MELLEN C. J. delivered the opinion of the Court.

The only question before us is, whether, upon the facts agreed, this action is maintainable by the plaintiff in his own name. Prior to the date of the note declared on, the defendants were indebted to the State in the sum named in the note, for logs they had purchased and cut under the permit of the plaintiff's predecessor in office ; and the note was given for the agreed price of them. The note is not negotiable, and it does not appear that any discharge was given to the defendants, from their liability to the State on the original contract. It has been settled in several cases, that though a negotiable note, unless otherwise agreed, is an extinguishment of the original cause of action, a note not negotiable has no such operation. *Thatcher v. Dinsmore* 5. *Mass.* 299. *Maneely v. McGee* 6. *Mass.* 391. *Varner v. Nobleborough* 2. *Greenl.* 121. The inquiry then is, what is the consideration on which the note was given ? The case of *Gilmore v. Pope* 5. *Mass.* 491, bears a strong resemblance in its principles, to the case at bar. In that it appears that the defendant, with others, had signed a subscription paper, by which the associates were admitted as members of a certain turnpike corporation ; and which, after reciting the incorporation, and division of the stock into shares, proceeds thus :—" We the subscribers, in consideration thereof, and also of the benefit the said turnpike road will be to us and the public, hereby engage to take the number of shares set against our respective names, severally, and to pay on demand to *John Gilmore* all assessments that may be made by the corporation for the purpose of making the road." *Gilmore* was appointed agent of the corporation. The corporation afterwards made the road, and the defendant had received certificates of his share, but had never paid any part of the assessments. *Parsons C. J.* in giving the opinion of the court says, " the action cannot be maintained in the name of a mere agent of the

Irish *v.* Webster & al.

corporation; there being no consideration, as between the agent and the subscribers, to support an action of *assumpsit.*" In that case the shares were rendered valuable by the authority, and at the expense of the corporation, not of *Gilmore* the agent. In this case the logs were the property of the State, and not of *Irish* the agent; and there is no more consideration for the promise in the one case, than in the other. In both cases a liability on the part of the defendant existed, independent of his express promise; in that, a statute remedy against delinquent proprietors would be resorted to by the corporation; and in this, an action by the State, on the original agreement. The cases of *Buffum v. Chadwick,* and *Clapp v. Day,* cited in the argument, were those of private associations; and therein differ from this, as well as from those cited in *Clapp v. Day* and commented upon. If there is a want of clearness on the subject under consideration, and if some of the cases are but faintly distinguished from others, touching the question in what instances an agent may sue in his own name, on a promise made to him as such, public policy seem to require that an agent of the State should make his contracts, not in his own name, but in the name of the State; and that all securities he may receive should be made payable to the State; and that where they have been made payable to him as agent, the suit should be in the name of the State. The statute which was referred to, giving power to treasurers of counties, towns and parishes to sue in their own names bonds given to them as such, or to their predecessors in office, seems to imply that without the aid of the statute such actions could not be sustained. We apprehend that the case of merchants and their factors stands on different ground; that the rights of each are regulated in some measure by principles peculiar to commercial law. For these reasons we are of opinion that this action is not maintainable; and therefore, according to the agreement of the parties, a nonsuit must be entered. *Plaintiff nonsuit.*