INHABITANTS OF GARLAND *versus* CHARLES REYNOLDS & *als.*

Where a town voted to loan the surplus revenue, and appointed a committee for that purpose, — one of which number was chosen, by the committee, treasurer of the surplus revenue fund; and the town subsequently voted to receive such notes, and instructed their treasurer to collect the same; *it was held,* that the suit to collect such notes should be in the name of the town.

A corporation may sue in its own name on a contract made to an agent for its benefit.

It would seem that a suit could not be maintained in the name of an agent who has no interest in the contract.

THIS was assumpsit on a note signed by the defendants and payable to Enoch Huntington, treasurer of the committee of the surplus revenue, for the sum of $100, and dated March 23, 1837.

The note in suit was given for a portion of the surplus revenue.

It appeared, that at a regular town meeting, held on the 14th March, 1837, the town voted to receive and to loan the surplus money, and chose a committee of three for that purpose.

At a town meeting on the 12th of March, 1838, it was voted "that the treasurer of the surplus revenue fund be instructed to collect said fund, that is now loaned out, forthwith, and pay it into the town treasury, and that the town treasurer shall distribute (after deducting the expenses of procuring and loaning said funds,) all that may be collected prior to the 4th of July next, on that day, *per capita.*"

At a town meeting held the 14th of July, 1838, the town treasurer, amongst other things, was authorized to receive of the treasurer of the surplus fund all notes and papers relating to said fund, and to demand payment of the same, and to collect the same by the first day of January, 1839.

Upon this evidence, the right of the plaintiffs to maintain this suit was submitted to the Court for their decision.

*Rogers,* for the plaintiffs, contended that the note not being negotiable was no extinguishment of the original cause of ac-

tion. *Thatcher* v. *Dinsmoor,* 5 Mass. R. 299; *Warren* v. *Nobleborough,* 2 Greenl. 121. The action is rightly brought in the name of the present plaintiffs. *Gilmore* v. *Pope,* 5 Mass. R. 491; *Irish* v. *Webster,* 5 Greenl. 171; *Commercial Bank* v. *French,* 21 Pick. 486.

*J. Appleton,* for the defendants.

The opinion of the Court was delivered by

SHEPLEY J. — It appears from the agreed statement, that the plaintiffs voted to receive their share of the surplus revenue deposited with this state; and chose a committee of three persons to loan the money, when received. And it would seem, that the committee appointed one of their number to act as treasurer, for he is in subsequent votes of the town recognized as the treasurer of the surplus revenue fund although there is no proof of his appointment. The note now in suit was made payable to that person as treasurer of the committee of the surplus revenue fund or his successor in office. The committee were agents of the town and their treasurer has also been recognized as an agent of the town. If there be no previous authority for taking the note in this form, the town has received it of him, and thereby adopted and ratified his acts. The note is not negotiable. A corporation may sue in its own name on a contract made to an agent for its benefit; and when that contract is not negotiable, it would seem according to the later cases, that the suit cannot be maintained in the name of an agent, who has no interest in the contract. *Irish* v. *Webster,* 5 Greenl. 171; *Trustees* v. *Parks,* 1 Fairf. 441; *Commercial Bank* v. *French,* 21 Pick. 486. The consideration in this case proceeded from the plaintiffs, they have the legal interest in the contract and can discharge it; and may therefore maintain a suit upon it.

*Defendants are to be defaulted.*