## Case No. 892.

### BANK OF NEWBURY v. BALDWIN.

[1 Cliff. 519.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1860.[2]

BANKS AND BANKING—NOTE PAYABLE TO CASHIER — PAROL EVIDENCE TO EXPLAIN — PRINCIPAL AND AGENT.

1. Where a cashier of a bank took a note running to him as "cashier," without specifying of what bank, held, that evidence was admissible to show that, in taking the note, the cashier was acting as agent of a certain bank.

[See Bank of U. S. v. Lyman, Case No. 924.]

[See note at end of case.]

2. Between the original parties to a bill or note the general rule appears to be, that the facts are open to inquiry; and that an agent is not liable to be sued upon contracts made by him in behalf of his principal, if the name of the principal is disclosed to the person contracted with at the time of entering into the contract.

3. Where on the face of the note the person to whom it was given was designated "cashier," and it was furthermore agreed in the case that such person was in fact cashier of Newbury Bank, held, that the case must be viewed as if the words "Cashier of Newbury Bank" had been written on the note.

[See Bank of U. S. v. Davis, Case No. 915; Blair v. First Nat. Bank, Id. 1,485.]

[See note at end of case.]

At law. This case was in some respects similar to the preceding, [Hale v. Baldwin, Case No. 5,913,] being an action of assumpsit upon a promissory note signed by James W. Baldwin. [Judgment for plaintiff.]

The note was in the following terms:— "$3,500. Five months after date I promise to pay to the order of O. C. Hale, Esq., cashier, thirty-five hundred dollars at either bank in Boston, value received." The plain-

tiff bank was a corporation of Vermont, and the defendant, at the time of making the note and when the suit was brought, was a citizen of Massachusetts. As stated in the previous case, the defendant had, before the commencement of the suit, obtained a certificate of discharge from his debts in the insolvency court of Massachusetts, but the plaintiff in this case took no part in the insolvent proceedings. Defendant pleaded the general issue, and also the certificate of discharge in bar of the suit. It was agreed that O. C. Hale was the cashier of the Bank of Newbury at the time of the making of the note. The court said: "Two questions are presented for decision, but one of them is the same as that decided in the preceding case, and must be ruled in the same way;" and it was held, "first, that the power given to the United States to pass bankrupt laws is not exclusive; second, that the fair and ordinary exercise of that power by states does not necessarily involve a violation of the obligation of contracts; third, but where, in the exercise of that power, the states pass beyond their own limits and the rights of their own citizens, and act upon the rights of citizens of other states, there arises a conflict of sovereign power and a collision with the judicial powers granted to the United States, which renders the exercise of such a power incompatible with the rights of other states. Ogden v. Saunders, 12 Wheat. [25 U. S.] 213; Boyle v. Zacharie, 6 Pet. [31 U. S.] 635."

H. C. Hutchins, for plaintiff.
F. A. Brooks, for defendant.

CLIFFORD, Circuit Justice. Another question, however, is presented in this case which deserves to be very carefully considered. It is insisted by the defendant that, inasmuch as the promise is expressed to O. C. Hale, cashier, without any designation of the plaintiff corporation, that the law applicable to negotiable paper deems the promise to be made to O. C. Hale as the payee of the note, and that no one else can have the legal title without indorsement; and consequently it is immaterial in whom the equitable interest may be. Mere abstract propositions are of little utility in the determination of a case, unless they are based upon the actual facts, as proved or admitted by the parties. Hale was in fact the cashier of the plaintiff bank at the time the note was given, and that fact appears by the unconditional admission of the parties; and the defendant also admits, if the evidence is admissible, that, in taking the note, he was acting as the cashier and agent of the plaintiff corporation. It is clear, therefore, that the only question presented is, whether the corporation plaintiffs can be permitted to introduce evidence to show that the person named in the note in taking it acted on

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

[2] [Affirmed in 1 Wall. (68 U. S.) 234.]

their account, and not in his private capacity. Under recent decisions in this country it cannot be doubted that if the payee had been described in the note as cashier of the Newbury Bank, the suit in this case would have been well brought in the name of the corporation. Assuming the fact to be so, the case would then fall directly within the decision in the case of the Commercial Bank v. French, 21 Pick. 486, and several other cases therein cited. Now it seems to me that the agreement made by the parties supplies the omission in the note, and brings the case within the principle of that decision.

Reference is made by the defendant to the case of Bank of U. S. v. Lyman, 20 Vt. 666, as asserting a contrary doctrine. But it should be observed that there was no agreement in that case showing that the person named as payee in the note was the cashier of the plaintiff corporation. On the face of the note in this case it appears that O. C. Hale was cashier, and with the agreement superadded to what is written, I am of the opinion that the case must be viewed precisely as it would be if the words "Cashier of the Bank of Newbury" had been written in the note, and on that state of the case no doubt is entertained that it would be competent for the plaintiffs to prove by parol evidence that the cashier, in taking the note, was acting as cashier and agent of the corporation. Banking corporations necessarily act by some agent, and according to the uniform usage the principal portion of their business is transacted through their cashier. There is some conflict in the authorities applicable to the particular question under consideration, and it may well be admitted that it is not easy to reconcile them, or to deduce from them a rule of universal application. Between the original parties to a note or bill of exchange, the general rule appears to be that the facts are open to inquiry, and consequently that an agent is not liable to be sued upon contracts made by him in behalf of his principal if the name of the principal is disclosed and made known to the person contracted with at the time of entering into the contract. Accordingly it was held in the case of Watervliet Bank v. White, 1 Denio, 608, that the indorsement of a note to "E. Olcott, Esq., cashier, or order," made upon it at the time of the purchase of the note by the bank of which the indorsee was the cashier, had the effect to transfer the same to the corporation, it appearing from the pleadings and proof that such was the design of the transaction. Folger v. Chase, 18 Pick. 63; Hartford Bank v. Barry, 17 Mass. 94. Where individuals subscribe their proper names to a promissory note, prima facie they are personally liable, although they add a description of the character in which the note is given; but it was held in the case of Brockway v. Allen, 17 Wend. 40, that such presumption of liability might be rebutted by proof that the note was in fact given by the makers as the agent of the corporation for a debt of the corporation due to the payee, and that they were duly authorized to make such a note as the agents of the corporation; and the court say that such facts may be pleaded in bar of an action against the makers averring knowledge on the part of the payee. Numerous other cases have been decided in this and other states which must have proceeded upon the same ground as that last cited, else the principle on which they rest cannot be sustained. Long v. Colburn, 11 Mass. 97; Mann v. Chandler, 9 Mass. 335; Episcopal Charitable Soc. v. Episcopal Church in Dedham, 1 Pick. 372; Emerson v. Providence Hat Manuf'g Co., 12 Mass. 237; Ballou v. Talbot, 16 Mass. 461; Rice v. Gove, 22 Pick. 158; Shaw v. Nudd, 8 Pick. 9; New England Marine Ins. Co. v. De Wolf, Id. 56; Medway Cotton M. Co. v. Adams, 10 Mass. 360; Thacher v. Winslow, [Case No. 13,863;] Taunton & S. B. Turnpike v. Whiting, 10 Mass. 327; Gilmore v. Pope, 5 Mass. 491; Inhabitants of Garland v. Reynolds, 20 Me. 45; Varner v. Nobleborough, 2 Me. 121; Irish v. Webster, 5 Me. 171. Morton, J., says in Commercial Bank v. French, 21 Pick. 490: "The principle is that the promise must be understood according to the intention of the parties. If in truth it be an undertaking to the corporation whether a right or wrong name, whether the name of the corporation or some of its officers be used, it should be declared on and treated as a promise to the corporation. Where the instrument appears to be executed in the name of the principal, the form of the words is not material." Wilks v. Back, 2 East, 142; Spittle v. Lavender, 5 Moore, 270; Pigott v. Thompson, 3 Bos. & P. 147; Combes' Case, 9 Coke, 77a; Frontin v. Small, 2 Ld. Raym. 1418; Taylor v. Dobbins, 1 Strange, 399; Mott v. Hicks, 1 Cow. 513. So also where a check was drawn by a person who was a cashier of an incorporated bank, and it appeared doubtful upon the face of the instrument whether it was an official or private act, parol evidence was held to be admissible to show that it was an official act. Mechanics' Bank of Alexandria v. Bank of Columbia, 5 Wheat. [18 U. S.] 326. That case is a much stronger one than the case at bar, because the promisor had signed his name to the check without any designation of his official character, and in disposing of the case Mr. Justice Johnson says, it is by no means true, as was contended in argument, that the acts of agents derived their validity from professing on the face of them to have been done in the exercise of their agency. In the more solemn exercise of derivative powers, as applied to the execution of instruments known to the common law, rules of form have been prescribed; but in the diversified duties of a general agent the liability of the principal

depends upon the facts, that the act was done in the exercise and within the limits of the powers delegated. These facts, says the learned judge, are necessarily inquirable into by a court and jury. See, also, Hodgson v. Dexter, 1 Cranch, [5 U. S.] 345. Although it is stated that the defendant objects to the admission of the note in evidence, still it is evident that the question is not broadly presented for decision independently of the agreed statement, because the admitted fact that the payee of the note was the cashier of the Bank of Newbury at the time of the making of the note, is as much a part of the agreed case as the note itself; so that in determining the question, that fact must be superadded to the note, else the decision of the court would turn upon something less than the whole case; and indeed the agreed statement proceeds throughout upon the ground that nothing is wanting to make out the plaintiff's case under the general issue, except proof of the fact that, in taking the note, O. C. Hale was acting as cashier and agent of the plaintiff corporation; whether that evidence is admissible or not is the question submitted to the determination of the court, and nothing else is submitted under the plea of the general issue. Under the special circumstances of this case, I am of the opinion that the evidence is admissible, and, according to the agreement of the parties, the defendant must be defaulted.

[NOTE. This case was afterwards affirmed by the supreme court. In delivering the opinion of the court, Mr. Justice Clifford said: "The promise, as appears by the terms of the note, was to O. C. Hale, cashier, and the question is whether parol evidence is admissible to show that he was cashier of the plaintiff bank, and that in taking the note he acted as cashier of the corporation. Contract of the parties shows that he was cashier, and that the promise was to him in that character. Banking corporations necessarily act by some agent, and it is a matter of common knowledge that such institutions usually have an officer known as their cashier. In general, he is the officer who superintends the books and transactions of the bank, under the orders of the directors. His acts within the sphere of his duty are in behalf of the bank, and to that extent he is the agent of the corporation. Viewed in the light of these well-known facts, it is clear that evidence may be received to show that a note given to the cashier of a bank was intended as a promise to the corporation, and that such evidence has no tendency whatever to contradict the terms of the instrument. * * * Doubt cannot arise in this case that the person named in the note was in fact the cashier of the plaintiff bank, because the fact is admitted; and it is also admitted that the plaintiff can prove that in taking the note he acted as the cashier and agent of the corporation, provided the evidence is legally admissible. Our conclusion is that the evidence is admissible, and that the suit was properly brought in the name of the bank." Baldwin v. Bank of Newbury, 1 Wall. (68 U. S.) 234.]