CASE 18—DECEMBER 17.

# Windsor vs. McAtee.

APPEAL FROM DAVIESS CIRCUIT COURT.

A widow administered upon the estate of her deceased husband, and her brother was appointed guardian for his two infant daughters. The estate was large, and consisted of land, slaves, and personal property. The widow married, and her husband (who is now sought to be removed from the guardianship) became guardian for the two infants; after which his wife died, and he soon afterwards intermarried with another lady, not related to his wards, who thereupon went to reside with their kindred, and one of them chose another guardian. He asserted claim, as survivor of his former wife, to personalty and other property which the infants claim as part of their deceased father's estate. No distribution, division, or settlement of the estate had been made, and the guardian had not filed an inventory of his ward's estate within sixty days after his appointment, as required by law. The evidence conduced to show that it would be to the interest of the infants that their estate should be under the control of one rather than two persons. *Held*—That the guardian was unsuited to discharge his duties, and should be removed.

GEO. H. YEAMAN, for appellant, cited 18 *B. Mon.*, 8; 9 *Ib.*, 548; *Rev. Stat.*, 173, *sec.* 11; *Ib.*, 174, *secs.* 1 *and* 2; 2 *Bibb*, 554; 3 *Dana*, 600; 2 *Story Eq.*, 572–3; 2 *Pr. W'ms*, 118, 109, 119, 562; 1 *Ib.*, 74; 1 *Johns. Chy. Rep.*, 99.

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

This was an application by Katharine Windsor, an infant under fourteen, through her next friend, for the removal of her guardian.

The proceeding was by petition in the county court. The guardian answered, and resisted the application. The county court refused to remove him, and the infant then appealed to the circuit court, which affirmed the order of the county judge, and from that judgment of affirmance the infant has appealed.

It appears from the pleadings and evidence that Richard Windsor, the father of appellant, died in Daviess county intestate, leaving a widow and two infant daughters, Katharine and Susan, both of whom were then under fourteen years of age; and that he likewise left a considerable estate, consisting of land, slaves, and personal property; that his widow was appointed administratrix of his estate, and her brother, Camden Riley, was, at her instance, appointed guardian for her children.

It also appears that, not long afterwards, the widow intermarried with McAtee, and in a short time thereafter induced her brother to resign his trust as guardian, and McAtee was appointed in his stead.

After this Mrs. McAtee, the mother of the infants, died, and in the course of a few months her husband intermarried with another lady, in no wise related to his wards or their friends.

Upon the death of their mother, the wards went to reside with their own kindred; and Susan, the elder sister, having reached the age of fourteen, selected as her guardian her maternal uncle, William Riley.

It likewise appears that McAtee asserted claim, as survivor of his former wife, to personalty and other property which the infants claim as part of their deceased father's estate ; that no distribution, division, or settlement of the estate had been made by him or his wife as administratrix ; and that he had not, as guardian, filed an inventory of his ward's estate within sixty days after his appointment, as required by law.    And, furthermore, the evidence conduces to show that it would be to the interest of the infants that their estate, which was joint and undivided, should be under the control of one rather than of two persons.

Upon this state of fact the question arises whether a removal of the guardian was not eminently proper, and whether the county judge ought not, in the exercise of a sound discretion, to have made an order to that effect.

One of the grounds relied on was of itself sufficient to have justified such order—that is, the failure of the guardian to file an inventory of his ward's estate within sixty days after his appointment.    The Revised Statutes (*chap.* 43, *art.* 2, *secs.* 1 *and* 2, *p.* 374) impose this duty upon every statutory guardian, and provide that for failure to comply with it he *may* be removed.

But, conceding that this neglect of duty did not of itself imperatively demand the removal of the guardian, we think that the other facts presented, when considered with the neglect referred to, bring the case clearly within that section of the Revised Statutes which prescribes other grounds for the removal

of guardians, and show that the order of removal should have been made.

The 11th section of the 1st article of the chapter *supra* (*Rev. Statutes*, 373) declares, that " when a guardian shall become insane, move out of the State, become incapable of discharging the duties of his trust, or *evidently unsuited therefor*, the court, after notice, may remove him," &c.

It is apparent that the reasons which superinduced the removal of the first guardian, and the appointment of McAtee, to-wit: the relation of step-father, and the evident necessity and propriety of the daughter's being with and under the control of her mother, his former wife, no longer exist. There were no ties of consanguinity between the ward and any member of the guardian's family, so far as the record shows, and no motive or obligation, save those imposed by the stipulations of his bond, to prompt or incite him to nurture and rear his ward in such manner as her estate and position would require or justify.

Consanguinity and relationship are important considerations in the selection and appointment of guardians—so much so that the law makes them control in the order of precedence prescribed for the action of county courts—preferring, first, the father, or a guardian appointed by his will; then the mother, if unmarried, and then the next of kin, thus recognizing the general truth, familiar to all, that infants and their interests are safer in the hands of relatives than strangers.

The fact that there was no consanguinity or tie of relationship between the guardian and ward did not furnish, of itself, a sufficient reason to remove the guardian after he had been appointed; but when he assumed an attitude and asserted a claim hostile to the interest of his ward, the fact that he was a stranger in blood tends to fortify the conclusion that he had become " evidently unsuited " for a faithful discharge of his duties as guardian, and unfit for the position.

It is directly charged that he was asserting claim, as survivor of his deceased wife, to rights belonging to and claimed by his ward as a part of her deceased father's estate, and this is not denied; but its effect is sought to be avoided by saying that his

claims are not the subject-matter of this controversy, and furnish no ground for the removal asked for. In this he is evidently mistaken.

The law makes it the duty of a guardian to look after and protect all the interests of his ward, and emphatically condemns any act of his, or even the acquirement of any right by him, inconsistent with this duty. His fidelity to his ward forbids it. He cannot serve himself and his ward where their interests conflict. And this principle is applicable to all trusts of this character.

Whenever a guardian assumes such an attitude towards his ward, it seems to us he then becomes unsuited for a faithful discharge of his trust, and should be removed and another appointed.

In view, then, of the neglect of appellee to render an inventory of his ward's estate, as required by law—of his attitude as an adverse .claimant of rights inconsistent with her interest, and the peculiar circumstances attending his appointment, our conclusion is, that he was evidently unsuited to discharge the duties of guardian for appellant, and should, therefore, have been removed.

Wherefore, the judgment of the circuit court affirming the order of the county court is *reversed*, and cause remanded, with directions to reverse the said order, and send the case back to the county court, with an order directing the removal of appellee as guardian of appellant.