## MOSES C. PAGE *vs.* HENRY WIGHT.

The owner of a reversion, acting as agent for the tenant for life, demised the premises for a term of years by a letter signed by himself as such agent, and the lessee knew that he was acting as such agent. *Held*, that the estate of the lessee ended with the death of the tenant for life, though the term of years had not expired.

ACTION under Gen. Sts. *c.* 137, commenced March 1st 1866, to recover possession of a tenement in East Cambridge. The following facts were agreed in the superior court:

In 1860 William S. Whitney, being owner of the premises, conveyed them to his mother, Elizabeth H. Whitney, for life. In 1864, acting as her agent, he entered into negotiation for a lease of the premises to the defendant, who wrote to Mr. Whitney the following letter:

"Boston, Feb. 3, 1864.   Dear Sir: In regard to the matter of renting your house in East Cambridge, which we have talked about, I have concluded to accept your terms, which is, as understood, to be at the rate of two hundred and twenty-five dollars per year, commencing on the first day of April next. I shall probably occupy it for three years or more.   In regard to any necessary repairs, you might limit your outlay to ten dol lars per year.   Anything which you might suggest further I should be pleased to hear."

Mr. Whitney replied as follows:

"Boston, Feb. 5, 1864. Henry Wight, Esq. Dear Sir: Your favor of 3d inst. is received. I accept the terms you there state to be understood between us as correct, and place the house at your disposal from April 1st, for three years, at an annual rent of two hundred twenty-five dollars, payable quarterly, I paying the city taxes. The gas and some other fixtures do not belong to the house, but you are to have the use of them, free of charge, and I am not to make any internal repairs. Yours truly, Wm. S. Whitney, agent for Elizabeth H. Whitney."

Whitney informed the defendant in this negotiation that he was acting as agent for his mother.

The defendant entered into possession and has paid the agreed rent quarterly. In November 1865 Elizabeth H. Whitney died. In December 1865 the plaintiff bought the premises of William S. Whitney, and received a deed thereof, the defendant consenting thereto, and agreeing to vacate the same by the 1st of the following March. But on the 28th of February, the defendant informed Whitney that he should remain in the premises unless Whitney would pay him a bonus.

Upon these facts, judgment was rendered for the plaintiff, and the defendant appealed to this court.

*L. Marrett*, for the defendant.

*S. A. Bent*, (*C. R. Train* with him,) for the plaintiff.

GRAY, J. Assuming that the letters between the parties constituted a lease to the defendant, the letter of Whitney did not appear on its face to be written in his own behalf, but as the agent of his mother. He was in fact acting as her agent, and the defendant knew that he was acting in that capacity. The lease therefore bound her only, and not himself. *Ballou* v. *Talbot*, 16 Mass. 461. Purporting to bind her only, she having an estate for life in the premises, the defendant knowing that Whitney was acting as her agent, and there being nothing to show that Whitney intended to induce the defendant to believe, or that the defendant was in fact led to believe, that it bound Whitney personally or his estate in remainder, it could not operate as an

estoppel, either by writing or *in pais*, to prevent Whitney from asserting his title after her death; for there can be no estoppel even by deed, when an interest passes, the nature of which appears on the face of the deed; and no estoppel *in pais*, except by representations designed to be acted upon, and which are in fact acted upon. *Doe* v. *Seaton*, 2 Cr., Mees & R. 730. *Blanchard* v. *Brooks*, 12 Pick. 66, 67. *Croade* v. *Ingraham*, 13 Pick. 33. *Whitaker* v. *Sumner*, 7 Pick. 556. *Parker* v. *Barker*, 2 Met. 431. *Turner* v. *Coffin*, 12 Allen, 401. This was at most a lease for three years, subject to be sooner terminated by the death of the lessor. All interest of the defendant in the premises ended with the lessor's life; and he became a tenant at sufferance, and after reasonable notice (which is not denied to have been given) liable to this process. *Evans* v. *Reed*, 5 Gray, 308. *Pratt* v. *Farrar*, 10 Allen, 521.

*Judgment for the plaintiff.*