## JOHN A. McGRATH v. W. A. McGRATH.

**Guardian and Ward—Right to Guardianship.**

> A mother should be entitled to the guardianship of her infant children, rather than a stranger who had become persona non gratis to some of the wards, and where the mother and the wards held the property in common, and there was at least an implied understanding between the guardian appointed and the mother of the wards, that he would surrender the guardianship in her favor.

### APPEAL FROM SHELBY CIRCUIT COURT.

March 1, 1873.

OPINION BY JUDGE PRYOR:

Although the evidence in this case establishes the fact that the present guardian is a man of integrity and business habits, still we are satisfied that the interests of the children requires that the mother should have the right to their custody and also the care of the real estate in the town of Shelbyville as it is their only means for support and maintenance, and it is evident that their guardian should endeavor to obtain its highest rental value for that purpose. It may be that business men would express the opinion, as they have done in this case, that the appellant was paying as much rent for the property as it was worth, still if he could have obtained one or two hundred dollars more for it per annum from the same character of tenant it was certainly his duty to have done so and thereby increase the annual income for the benefit of his wards. We are satisfied the property could have been rented for more money than the appellant was paying for it, and to those who could have taken as much interest in its preservation as tenants ordinarily do. In addition to all this the feeling of hostility between the parties, particularly on the part of Wm. McGrath towards the appellant, is of such a character as to render unpleasant at least, if not to forbid entirely any business relation between the two. The proof also shows that the employment of an attorney annually is made necessary by reason of this unfortunate state of feeling and this necessarily decreases the amount of the income to which the mother and children are jointly entitled from the proceeds of their estate. The real estate is owned in common by the mother and children, at least there has been no

severance of their interests, and as the mother must necessarily have the control, care and raising of her children, she should also be allowed to control their estate. There was also an implied, if not an express, understanding between the mother and appellant at the time the latter was appointed guardian, that the surrender of the right to the guardianship of her children was upon the condition that she should be allowed to qualify, as soon as her father visited her from Virginia, and her consent that appellant should qualify was with this proviso, and as she also then believed and was so informed by him that it would be necessary at once to proceed to sell some of the real estate. Whilst there is nothing in this case affecting the integrity of the appellant as a business man or otherwise, still we think the chancellor in the exercise of a sound discretion authorized by the statute upon this subject, adjudged properly in determining that the appellant from the facts in the record was evidently unsuited to act as guardian of the infants and particularly when the mother's affection for the little children and interests in their welfare is prompting her to ask the chancellor or the court to confide in her the trust.

The judgment is *affirmed*. *Windsor v. McAtee*, 2 Met. 431.

*Bullock*, for *appellant*.

*Middleton, Harwood*, for *appellee*.