Parker, C. J.
The question in this case is not whether the de-, fendant is liable for having undertaken to make the promise for Perry, but whether the note declared on is the note of the defendant.
It is obvious, from the signature, that it was neither given nor received as the defendant’s note. It is found * by the [*463 J jury, that he had no authority to sign it for Perry ; but the legal inference from this fact is, not that it became his promise direct ly, but that he is answerable in damages for acting without authority. What is stated in the case of Long vs. Colburn, as an intimation of the Court, was undoubtedly a settled opinion, viz., that, in such case, a special action upon the case would be the proper action.
One way, and perhaps the best way, to ascertain whether a party is sued in the right form of action, is to see of what fact the declaration gives him notice, and whether that constitutes substantially the contract to which he is called to answer. In the case before us, the defendant is charged with having made a promissory note to the plaintiff. The evidence produced is apparently the note of another. But he wrongfully made this note for the other. This is entirely new ground, of which the declaration gave him no notice, and which he cannot be expected to be prepared to answer.
Besides, if, the note is tó be considered as evidence of the defendant’s own promise, he must pay according to the tenor of it; whereas, if he were sued for falsely assuming an authority, he might defend himself by showing that the person, for whom he assumed to act, had afterwards ratified his act, or that he had otherwise satisfied the debt for which the note was given, or, perhaps, he might show that no debt was due for which the note was given, or that he had authority to make it. It is, in short, a proper subject for a special action, in which damages will be recovered according to the injury sustained.
In the cases cited by the plaintiff’s counsel, the parties held personally liable, either made themselves so by the terms of the contiact, though purporting to act for another, or they acted in certain capacities in which they had no right to bind the estate of those for whom they undertook to act. In the case before us, the promise was avowedly made by the defendant for Perry; and it was matter of * evidence, extrinsic to the contract, [ * 464 ] whether he had authority or not. The verdict is set •aside, and the plaintiff must be called.

Plaintiff nonsuit.