## SAMUEL RICE *versus* IRA GOVE.

An action was brought by R. against G. upon the following promissory note : "For value received, we *jointly and severally* promise to pay R., him or his order, the sum of $ 100, borrowed money, on demand, with interest. P. & J. for G." It was *held*, that P. was a competent witness to prove, that he and J. were authorized to execute such note as agents of G. ; and that such authority being proved, the note must be construed to be the promise of G.

ASSUMPSIT upon three promissory notes, the first of which was as follows :

" Boston, October 20, 1836. For value received, we *jointly and severally* promise to pay Samuel Rice, him or his

order, the sum of one hundred dollars, borrowed money, on demand, with interest. Patten & Johnson for Ira Gove."

<span style="float:right">Rice<br>v.<br>Gove</span>

The other notes were for the sum of $ 12 each, and were dated October 27, 1836, and November 1, 1836, respectively, but in other respects were similar to the first note.

The trial was before *Dewey* J.

The defendant denied the authority of Patten & Johnson to borrow money or execute notes as his agents.

The plaintiff offered in evidence the deposition of Patten, for the purpose of proving that he was authorized to act for the defendant. The defendant objected to the admission of the deposition, on the ground that the deponent was interested ; but the objection was overruled, and the question reserved for the consideration of the Court.

The jury found a verdict for the plaintiff.

If the deposition was inadmissible, the verdict was to be set aside, and a new trial granted ; otherwise, judgment was to be rendered on the verdict.

*Chandler*, for the defendant. Patten was directly interested, and therefore his deposition should have been rejected. *March 13th.* If he was not authorized to act for the defendant, he was liable to the plaintiff for the amount of the notes and all damages ; but if he had such authority, he was not liable to either party. *Long* v. *Colburn*, 11 Mass. R. 97 ; *Ballou* v. *Talbot*, 16 Mass. R. 461 ; *Dusenbury* v. *Ellis*, 3 Johns. Cas. 70 ; *Polhill* v. *Walter*, 3 Barn. & Adolph. 114 ; *Shiras* v. *Morris*, 8 Cowen, 60 ; *Fuller* v. *Wheelock*, 10 Pick. 135 ; *Nicholson* v. *Mifflin*, 2 Dallas, 246 ; *Purviance* v. *Dryden*, 3 Serg. & Rawle, 402 ; *Hayes* v. *Grier*, 4 Binney, 80 ; *Marquand* v. *Webb*, 16 Johns. R. 89 ; *Albers* v. *Wilkinson*, 6 Gill & Johns. R. 358 ; *Hickling* v. *Fitch*, 1 Miles, 208 ; *Herrick* v. *Whitney*, 15 Johns. R. 240 ; *Edmonds* v. *Lowe*, 8 , Barn. & Cressw. 407 ; *McBrain* v. *Fortune*, 3 Campb. 317.

The notes in suit are not the notes of the defendant, but of Patten & Johnson, the words, " for Ira Gove," being inserted merely to designate the fund out of which they were to be paid. *Bradlee* v. *Boston Glass Co.* 16 Pick. 347.

*Codman*, for the plaintiff, to the point, that the deponent stood indifferent between the two parties, as regarded interest,

Rice
v.
Ga ve.

cited *Evans* v. *Williams*, 7 T. R. 481, note ; to the point, that whether the deponent was interested or not, he was admissible as a witness from necessity, Buller's N. P. 289 *a* ; 1 Phillipps on Evid. 121 ; 13 Petersd. Abr. 746 ; *Matthews* v. *Haydon*, 2 Esp. R. 509 ; 2 Stark. on Evid. 753 ; *Theobald* v. *Tregot*, 11 Mod. R. 262 ; *Fisher* v. *Willard*, 13 Mass. R. 379 ; *Phillips* v. *Bridge*, 11 Mass. R. 242 ; and to the point, that the form of the execution of these notes was such as to bind the defendant, *Long* v. *Colburn*, 11 Mass. R. 97 ; *Shaw* v. *Nudd*, 8 Pick. 9 ; *New England M. Ins. Co.* v. *De Wolf*, 8 Pick. 56 ; *Rex* v. *Bigg*, 3 P. Wms. 427.

June 17th.

DEWEY J. delivered the opinion of the Court. The exception to the admission of the deposition of Patten, on the ground of his incompetency as a witness in this case, cannot be sustained. The general principle, that the testimony of agents and servants may be given without a release, is a very familiar one, and is not controverted by the counsel for the defendant , but he denies the competency of one professing to have acted as an agent, to establish the fact of his authority by his own testimony. The principle as found in the elementary books, as well as in the reported cases, seems to be broad enough to support the position, that in an action against the principal, the authority of the agent to act, may be proved by the agent himself. Paley on Agency, 212 ; 1 Phillipps on Evid. 79 ; *Ilderton* v. *Atkinson*, 7 T. R. 480 ; and *Evans* v. *Williams*, cited in a note to the preceding case. These authorities directly affirm the competency of the agent to prove his agency. The principle of the rule as stated, is this, that in any event, the witness is indifferent in point of interest, being liable to account with the defendant if he received the money, as agent, and to the plaintiff, if he did not so receive it. The case of *Shiras* v. *Morris*, 8 Cowen, 80, which was cited by the defendant, differs from the present in the fact, that the bill in that case, was drawn by the witness under his own name, without any addition to his signature indicating his promise to be in the capacity of agent. In the present case the evidence is not offered to vary or control the written contract, but comes in aid of it.

The second objection taken to the right of the plaintiff, to

recover in this action, is, that the several notes of hand, in the form in which they were drawn, are the promissory notes of the agents and not of the principal. It is undoubtedly true, that this action cannot be maintained against the defendant, if the notes, on the face of them, clearly purport to be the notes of Patten & Johnson. It is of no consequence, that they were agents of the defendant and were authorized by him to execute notes binding on him, if in the present case they have, by the terms of their contract, made it personal and obligatory on themselves.

The particular form of executing a contract not under seal, by an agent, is not material, if it indicate a ministerial act on the part of the agent. It becomes necessary, therefore, to inquire whether from the notes themselves it appears that the signers were giving form and effect to a promise of the principal, or superadding a personal obligation, on the part of the agents. Upon referring to the notes offered in evidence, it will be seen, that one of the leading circumstances usually indicating an act to have been done by an agent ministerially and not with the purpose of making a personal contract, exists here. The form of the execution of the instrument, is that of an act done in behalf of another. The notes are signed, " Patten & Johnson for Ira Gove." This, in a contract not under seal, is clearly a good execution of the notes for the purpose of binding the principal. The only doubt in the present case arises from the introduction of the words " jointly and severally," in the notes. These words, it is said, indicate a personal promise by Patten & Johnson, and can have no proper application to a promise by the defendant alone. If there were not other words in the contract indicating more strongly the purpose to bind the defendant than these do the contrary design, perhaps the words " jointly and severally," should control the construction to be given to these notes. But we think that it may be fairly urged, that the form of the signature of these notes so clearly manifests the purpose to be the execution of a contract binding solely upon the defendant, that if either is to be rejected as surplusage and of no effect, it should be the words " jointly and severally."

The case of *Bradlee* v. *Boston Glass Company*, 16 Pick.

347, is supposed by the counsel for the defendant to bear strongly upon the question. It does so upon the effect to be given to the words "jointly and severally," as used in the body of these notes ; but upon a particular examination of the facts of that case, it will be seen, that the signatures to that contract were by the individual names of those who were alleged to have acted as agents, and were accompanied with no designation of any agency annexed to their names, the only reference to any such agency being found, if anywhere, in the body of the notes. It also further appeared, that the plaintiff had recognized it as the personal contract of the signers, and by a previous suit at law had recovered judgment against the individuals who executed the note, declaring upon their personal contract. These circumstances, in connexion with the form of the promise, were considered by the Court as sufficient to authorize them to hold the contract to be properly that of the signers of the note, and not of the corporation attempted to be charged as principal.

On the other hand, as presenting a case of the application of the rule, that where the form of the execution of the contract clearly indicates it to be done in behalf of another person, the court must give it the construction, that it is not the personal contract of the signers, is the case of *Ballou* v. *Talbot*, 16 Mass. R. 461.

The case at bar has strong features in common with both the cases cited. The promise is made " jointly and severally," but it is made " for Ira Gove." The question is, which of them should control, in giving legal effect to the contract. It is the opinion of the majority of the members of the Court, that giving a proper construction to the entire contract, the legal inference is, that it was not intended to be a contract by Patten & Johnson in their individual capacity, but as agents of Ira Gove ; and it must therefore be considered as the promise of the defendant, and as such, binding on him.

*Judgment on the verdict.*