ABNER B. ABBEY *vs.* JOHN CHASE.

An agent who executes, as such, a sealed instrument, purporting to be the deed of his principal, does not bind himself thereby, unless the instrument contains an expression of his personal undertaking to perform the contract on behalf of his principal.

THIS was an action of covenant broken, brought on the following instrument : — " Memorandum of agreement made

this 15th day of February, 1848, by and between the Hadley Falls company, by their agent, of the first part, and Abner B. Abbey, of Cabotville, of the second part, witnesseth, that the party of the second part hereby agrees to deliver the following memorandum of best quality sound white pine timber, to said party of the first part, at Ireland depot, or Irving ferry, west side river, on or before the 1st day of October · next. Said timber to be hewn in a workmanlike manner, and of sufficient size to finish to the following dimensions. No stick to crown more than two inches, and that crown to be uniform through the whole length of it, and when finished to have not more than one inch wane on any part of it." [Here was inserted a memorandum of the dimensions of nine classes of sticks.] " The party of first part agree to pay said party of second part, for the above timber, the sum of twenty-four dollars per thousand feet, board measure, when the same shall have been delivered, as above, to the party of the first part, agreeably to said contract. In witness whereof, the parties hereunto have set their hands and seals, on the day and year above written.

ABNER B. ABBEY, [SEAL.]<br>JOHN CHASE, Agent. [SEAL.]

This bill amounts to about 258,336 feet.   $24 – $6200."

The plaintiff's declaration alleged a performance of the foregoing contract by him, and a breach thereof by the defendant. At the trial, in the court of common pleas, before *Wells,* C. J., the defendant contended that the contract was that of the Hadley Falls company, and executed by him only as their agent ; but the judge ruled, " that the form of executing the contract was such as to bind the defendant personally, although it was capable of being proved that he was the agent of the company, in fact." A verdict was returned for the plaintiff, and the defendant alleged exceptions.

*R. A. Chapman,* for the defendant.

*W. G. Bates,* for the plaintiff.

The opinion was delivered at the September term, 1851.

METCALF, J.   It does not appear whether the defendant had authority to bind the Hadley Falls company, by deed or otherwise. But in the view which we take of the case, that question is immaterial.

We deem it very manifest, on inspection of the instrument in suit, that it was the intention of the defendant to bind the company and not to bind himself; and that the plaintiff must have so understood the contract. And if this had been a simple contract, executed by an authorized agent, the law would have given effect to that intention. The company, and not the defendant, would have been bound. The authorities on this point are numerous and decisive. *Northampton Bank* v. *Pepoon*, 11 Mass. 292; *Andrews* v. *Estes*, 2 Fairf. 270; *New England Ins. Co.* v. *De Wolf*, 8 Pick. 56; *Rice* v. *Gove*, 22 Pick. 161; Bayley on Bills, (2d Am. ed.) 72, 73. But when a sealed instrument is executed by an agent or attorney, for the principal, the strict technical rule of the common law, which has never been relaxed in England or in this commonwealth, requires that it be executed in the name of the principal, in order to make it his deed. *Brinley* v. *Mann*, 2 Cush. 337. In such cases, says Story, J., " the law looks not to the intent alone, but to the fact, whether that intent has been executed in such a manner as to possess a legal validity." 5 Peters, 350. See also *Locke* v. *Alexander*, 1 Hawks, 416. The plaintiff's counsel, in applying this strict rule to the instrument in suit, contends that it does not bind the Hadley Falls company, and that, as the defendant has not bound the company, he has bound himself. But in deciding whether the defendant has or has not bound himself, we need not decide whether he has or has not bound the company. For it does not necessarily follow, that a contract, made by an authorized agent, which does not bind the principal, becomes the agent's contract, and makes him answerable if it is not performed. This depends upon the legal effect of the terms of the contract. If the agent employs such terms as legally import an undertaking by the principal only, the contract is the principal's, and he alone is bound by it. But if the terms of the contract legally import a personal undertaking of the agent, and not of the principal, then it is the contract of the agent, and he alone is answerable for a breach of it. So when one who has no authority to act as another's agent, assumes so to act, and makes either a deed or a simple contract, in the name

of the other, he is not personally liable on the covenants in the deed, or on the promise in the simple contract, unless it contains apt words to bind him personally.   *Stetson* v. *Patten*, 2 Greenl. 358 ; *Ballou* v. *Talbot*, 16 Mass. 461 ; *Delius* v. *Cawthorn*, 2 Dev. 90.   The only remedy against him, in this commonwealth, is an action on the case for falsely assuming authority to act as agent.   See also 13 Ad. & El. N. R. 744.

These principles lead us to the conclusion that the ruling at the trial of this case was wrong, and that the defendant is not chargeable in the present action.   The instrument sued on purports to be, and was intended to be, a deed *inter partes*, namely, the Hadley Falls company and the plaintiff.   The defendant, as agent of the company, signed his own name, merely adding thereto the word " agent," and affixed his own seal ; the plaintiff signed his name and affixed his seal ; and these acts were done as the acts of the parties before named. It seems to us impossible to charge the defendant, on this instrument, as on a contract made by him with the plaintiff.   If any words had been inserted in the instrument, expressing the defendant's personal undertaking to fulfil the contract on behalf of the company, he would have been personally bound, although the instrument was prepared as a deed *inter partes*. *Salter* v. *Kidgly*, Carth. 76, and Holt, 210.   But no such words are found in the instrument.

We cannot distinguish this case, in principle, from that of *Hopkins* v. *Mehaffy*, 11 S. & R. 126.   In that case, articles of agreement were made between an incorporated turnpike company, of the one part, and Hopkins, of the other part, by which Hopkins agreed to finish the mason-work of a certain bridge, and find all the materials ; and the corporation agreed to pay him a certain sum for said work and materials.   The conclusion of the agreement was thus : — " For the true and faithful performance of the covenants, agreements, and stipulations in these presents contained, the parties hereto bind themselves, each to the other, in the penal sum of two thousand dollars. In witness whereof, the said parties to these presents have hereunto interchangeably set their hands, and affixed their seals.   James Mehaffy, [seal.]   Joseph Hopkins, [seal.]   Signed

by the president, in behalf of the president, managers, and company of the Manchester turnpike-road, and by Joseph Hopkins, on his part, in presence of William Child." An action of covenant broken was brought by Hopkins, against Mehaffy, the president; but it was decided that he was not liable. Gibson, C. J., said, "the paper is not the defendant's deed. He sealed and delivered it undoubtedly; but there is something more than sealing and delivery necessary to a deed. It ought to contain the proper parts of a contract; and in this instrument there are no obligatory words, applicable to the person of the defendant. Even the sealing and delivery were as the president, and in behalf of the corporation. If the defendant had authority to contract for the corporation, although he has done so informally, there cannot be a doubt, that as the work has been done, the plaintiff may have an action of some sort against it. But he never treated on the basis of the defendant being personally answerable; and to permit him to maintain this action would permit him to have, what was not in the contemplation of either party, recourse to the person of the agent." See also *Townsend* v. *Corning*, 23 Wend. 435, and *Townsend* v. *Hubbard*, 4 Hill, 351.

A new trial must be had, unless the plaintiff elects to become nonsuit.