## CHARLES L. BARTLETT *vs.* JOSEPH A. TUCKER.

One who, for and at the request of a partnership, and knowing that they intend to negotiate them as their business paper for the purpose of raising money to be used in their business, makes promissory notes payable to their order, and signs to each of the notes as maker the name either of a person whose name he has no authority to sign or use, or of a fictitious person; but who is not proved to have used either of those names for the purpose of transacting other business, or to have held himself out to the world as doing business under either; is not liable in contract upon the notes as maker, to one who buys them from the payees before maturity for full consideration as their business paper, without knowing that they are signed by him or giving him any credit thereon

CONTRACT upon eleven promissory notes, each bearing another name than that of the defendant as maker, but alleged to have been signed by him, payable to the order of the firm of Coe & Company, and by them indorsed.

The first count was as follows : " And the plaintiff says the defendant made a promissory note, a copy whereof is hereto annexed, payable to the order of Coe & Company, and Coe & Company indorsed the same to the plaintiff; that the defendant signed said note in the name of James H. Stearns; that said James H. Stearns was a fictitious party or name, there being no such person, or no such person whose name the defendant was authorized to sign ; wherefore the plaintiff says said note is the note of the defendant, made and signed by him, and that he owes the plaintiff the amount thereof, with interest and costs of protest." Each count was in like form, annexing a copy of the note, and the name signed to nearly every note being different from that signed to the others.

Trial before *Gray*, J., who reserved the case upon the following report: " The plaintiff offered to prove that these notes were made and signed by the defendant, and that the signatures so affixed by him were either of fictitious persons, or persons whose names he had no authority to sign or use ; that the defendant made the notes for and at the request of Coe & Company, with the knowledge that they intended to negotiate and use them as their business paper, for the purpose of raising money to be used in their business ; and that the plaintiff bought the notes from Coe & Company before maturity, for full consideration, as their business paper. The plaintiff did not offer to prove that the defendant had ever used either of the names signed to these notes for the purpose of transacting any other business, or had held himself out to the world as doing business under either of these names ; or that the plaintiff had any knowledge, when he took the notes, that they were signed by the defendant, or gave him any credit thereon. The plaintiff contended, that, if he satisfied the jury that the defendant signed either fictitious names to the notes, or the names of real persons without any authority from them, he would be liable in tlis action. If, in the opinion of the full

court, this position, or either alternative thereof, can be maintained, the case is to stand for trial; otherwise, judgment is to be rendered for the defendant."

*B. F. Thomas & O. Stevens,* for the plaintiff. The facts bring the case directly within the authority of *Grafton Bank* v. *Flanders,* 4 N. H. 239. It is also within the principles recognized and affirmed in the following cases: *Gibson* v. *Minet,* 1 H. Bl. 569; *Phillips* v. *Im Thurn,* Law Rep. 1 C. P. 463; *Hill* v. *Perrott,* 3 Taunt. 274; *Biddle* v. *Levy,* 1 Stark. 20; *Jones* v. *Hoar,* 5 Pick. 285; *Lobdell* v. *Baker,* 3 Met. 469; *Melledge* v. *Boston Iron Co.* 5 Cush. 158, 173; *Draper* v. *Massachusetts Steam Heating Co.* 5 Allen, 338; *Brown* v. *Parker,* 7 Allen, 337; *Palmer* v. *Stephens,* 1 Denio, 471; *Brown* v. *Butchers' & Drovers' Bank,* 6 Hill, 443.

The transactions originally assumed the form of contracts. The defendant was the maker of the notes. They were made and signed by him. Whether he used a mark merely, or the initials of his name, or a fictitious name, is immaterial. They were made as and for genuine notes, and he intended to bind himself thereby. Not only is this the presumption of law, but the defendant is estopped to deny it. But whether he would be so estopped or not was immaterial, in the then posture of the case. When he sets up as matter of defence his forgery of the notes in suit, it will be time to consider the question of estoppel. The only view of these contracts consistent with the integrity of the defendant is that he meant to be bound by them.

Or the position of the plaintiff may thus be stated: The plaintiff alleges that the defendant made the notes in suit, and, instead of proving the fact affirmatively, proves, as by the rules of law he is entitled to do, that the defendant is estopped to deny that the signing the notes is obligatory upon him. *Fall River Bank* v. *Buffinton,* 97 Mass. 498.

The fact whether the defendant had ever before done business under either of the names affixed to the notes is unimportant. There must be a first time.

So it is immaterial whether the plaintiff gave credit to the defendant specifically, in the purchase of the notes. He paid

his money upon the faith that the notes made and signed by the defendant were genuine.

This is not an attempt to hold an agent for using the name of a principal in a way not authorized. The defendant did not claim or assume to act as agent.

*J. G. Abbott & J. L. Stackpole,* for the defendant.

GRAY, J. Although the question presented by this case is novel in one of its aspects, the law of this Commonwealth, as established by previous decisions of this court, will go far to assist us in determining it.

It is well settled that any person taking a negotiable promissory note contracts with those only whose names are signed to it as parties, and cannot therefore maintain an action upon the note against any other person. *Bank of British North America* v. *Hooper,* 5 Gray, 567. *Williams* v. *Robbins,* 16 Gray, 77. *Brown* v. *Parker,* 7 Allen, 337. *Tucker Manufacturing Co.* v. *Fairbanks,* 98 Mass. 101, 104, and other cases there cited. That rule of course does not preclude charging a party who, instead of the name by which he is usually known, signs, with intent to bind himself thereby, his initials, or a mark, or any name under which he is proved to have held himself out to the world and carried on business. *Merchants' Bank* v. *Spicer,* 6 Wend. 443. *George* v. *Surrey,* Mood. & Malk. 516. *Williamson* v. *Johnson,* 2 D. & R. 281; *S. C.* 1 B. & C. 146. *Fuller* v. *Hooper* 3 Gray, 334.

But if a person signs the name of another, as maker of a promissory note, who has not authorized him to do so, and who therefore is not bound by the signature, the signer is not personally liable in an action of contract upon the note itself, even if he signs his own name also as that of the agent affixing the other signature, and the party whose name he assumes to put to the note is incapable of making such a contract; but only in an action of tort for falsely representing himself to be authorized to sign the name of the other person. This rule has been asserted and steadfastly maintained by this court for half a century. In *Long* v. *Colburn,* 11 Mass. 97, it was held that upon a promissory note beginning " For value received, I promise to pay," and

signed " Pro William Gill. J. S. Colburn," no action would lie against Colburn ; and the court said : " The plaintiff's remedy is against Gill, if Colburn had authority to make the promise for him ; and if he had not, a special action on the case might make Colburn answerable." In *Ballou* v. *Talbot*, 16 Mass. 461, the same point was adjudged ; and it was held that upon a note signed " Joseph Talbot, 2d, agent for David Perry," no action would lie against Talbot, although the jury found that he was not authorized to sign the note as agent for Perry. So where a note, purporting on its face to be the note of the pastor and deacons of the First Freewill Baptist Church in Lowell, was signed " S. D. York, Agent for the First Freewill Baptist Church in Lowell," it was held that no action could be maintained on the note against York. *Jefts* v. *York*, 4 Cush. 371. And in a subsequent action between the same parties on the money counts, although the plaintiff proved an oral admission by the defendant that he had received the money and that he expected to pay the note, and it also appeared that neither such a church nor the pastor and deacons thereof had any legal authority to give a promissory note, it was held that the action could not be maintained, unless the money had been paid by the plaintiff to the defendant under a mutual mistake as to the legal capacity of the principal to authorize the giving of such a note, and the money had been applied by the defendant to his own use, or before he paid it over to his principal, been demanded back by the plaintiff ; and Chief Justice Shaw said : " The court are of opinion, that where a person, acting as agent, borrows money for his principals, and gives their obligation for it, and it turns out that the principals were not of legal capacity to make such contract, and of course could confer no such power on another the agent is not personally liable on the contract as his contract." " But if in fact he was not so authorized, but under a belief that he was, and acted on such belief, and the party advancing the money did not know that he was not authorized, the agent would be liable in an action on the case, to an amount in damages equal to the sum advanced. If one falsely represents that he has an authority, by which another, relying on the representa-

tion, is misled, he is liable; and by acting as agent for another when he is not, though he thinks he is, he tacitly and impliedly represents himself authorized, without knowing the fact to be true, it is in the nature of a false warranty, and he is liable. But in both cases his liability is founded on the ground of deceit, and the remedy is by action of tort." *Jefts* v. *York,* 10 Cush. 392. So in *Abbey* v. *Chase,* 6 Cush. 54, Mr. Justice Metcalf said: " When one, who has no authority to act as another's agent, assumes so to act, and makes either a deed or a simple contract in the name of the other, he is not personally liable on the covenants in the deed or the promise in the simple contract, unless it contains apt words to bind him personally. The only remedy against him, in this Commonwealth, is an action on the case for falsely assuming authority to act as agent." And in *Draper* v. *Massachusetts Steam Heating Co.* 5 Allen, 338, Mr. Justice Hoar said: " In this Commonwealth it is well settled, that, if the instrument purports to express the contract of the principal, the agent is not personally liable on it; but that the remedy in such a case is by an action on the case for falsely representing himself to be authorized to bind his principal."

In the present case, the plaintiff counts upon the notes themselves, seeking to charge the defendant as the maker of them, upon the alternative ground that the name signed by him to each of the notes was either the name of a person whose name he had no authority to sign or use, or the name of a fictitious person.

If either of those names was that of a real person, then, although no agency was expressed on the face of the note, and whether the signature was affixed under a mistaken belief of authority, or fraudulently, or even if it was a forgery, it was, so far as regards the liability to a civil action upon the notes, a mere case of signing without authority, and the signature might be adopted or ratified by that person, and such adoption or ratification would render him liable to be sued as maker thereot. *Ballou* v. *Talbot,* 16 Mass. 461, 463. *Merrifiela* v. *Parritt,* 11 Cush. 590, 597. *Brigham* v. *Peters,* 1 Gray, 139. *McIntyre* v. *Park,* 11 Gray, 102. *Greenfield Bank* v *Crafts,* 4 Allen, 447.

*Hunter* v. *Giddings*, 97 Mass. 41. In such a case, it is clear that by the law of this Commonwealth, as shown by the cases already cited, the defendant could not be sued in contract upon the note, but only in tort. See also Met. Con. 108, 109.

The same rule must apply if the names signed to any of the notes were those of fictitious persons. In either alternative, the notes were not signed in the defendant's own name, nor by any name under which he was shown to have transacted, or held himself out as transacting, other business. The defendant has not, by word or act, asserted that they were his own promissory notes. The plaintiff did not take them immediately from him, or on his credit. The defendant therefore is not estopped to deny them to be his. The defendant's representation was, that they were signed by parties bearing, or doing business under, the names signed. He made no contract, and intended to make no contract, and was not understood by any other party to make any contract, himself. His relation to the plaintiff was not one of contract, but of tort. The case is not distinguishable in principle from that of *Jefts* v. *York*, 10 Cush. 392, already stated. There is no essential difference in this respect between a note purporting to be made by a person or corporation that has no capacity to make it, and a note purporting to be made by one that in fact has no existence; or between a note on which the name of the person by whose hand it is written appears, and a note on which it does not; and no more reason for holding him liable to an action upon it as his own contract in the one case than in the other.

The cases cited by the learned counsel for the plaintiff, when closely examined and weighed, afford no sufficient ground for a different conclusion.

The strongest case in his favor is that of *Grafton Bank* v. *Flanders*, 4 N. H. 239. It was there held that a person who signed the name of another to a promissory note as maker without any authority from him, and delivered it to the payee for a valuable consideration, was himself liable upon the note as maker in an action by the payee, charging him as having made it in the name of the other person. It is to be observed that in

that case the defendant himself delivered the note to the plaintiff. And a careful consideration of the elaborate opinion of the court has failed to satisfy us that it is in accordance with the law of this Commonwealth. The courts of New Hampshire have always gone beyond our own in holding a person signing the name of another without authority to be himself liable to an action upon the contract. *Underhill* v. *Gibson*, 2 N. H. 352, 356. *Woodes* v. *Dennett*, 9 N. H. 55. *Pettingill* v. *McGregor*, 12 N H. 179, 191. *Moor* v. *Wilson*, 6 Foster, 332, 336. *Weare* v. *Gove*, 44 N. H. 196.

In *Palmer* v. *Stephens*, 1 Denio, 471, the defendant had signed the promissory note sued on with his own initials; the court expressly waived the consideration of the question whether, if neither his name nor the initial letters thereof had appeared on the paper, he could have been holden as a party to it; and the general statement in the opinion, that, " if one, assuming to be agent of another person, executes a note in his name, having in truth no authority for the purpose, the assumed agent is himself bound by the signature," though supported by the earlier cases in New York, is inconsistent with the later cases in that state, as it is with our own decisions. *Walker* v. *Bank of New York*, 5 Selden, 582. *White* v. *Madison*, 26 N. Y. 117.

In *Brown* v. *Butchers' & Drovers' Bank*, 6 Hill, 443, the signature which was held to bind the defendant as indorser of a bill of exchange was not of another name than his own, but of figures; and the report states that evidence was given strongly tending to show, not only that they were in his handwriting, but that he meant they should bind him as indorser.

The case of *Melledge* v. *Boston Iron Co.* 5 Cush. 158, went no farther than to hold that a corporation was liable on a note given by its general agents, a mercantile firm, in their own name, for a debt of the corporation, if the note was in fact the note of the corporation, executed under a name which it had adopted and sanctioned as indicative of its contracts, or if the payee took the note under a misapprehension, caused by the acts of the corporation and its agents, as to the identity of the corporation with the firm whose name was signed to the notes.

The doctrine of that case does not warrant charging either a corporation or a natural person upon a note signed in the name of another, without clear proof that such name has been adopted by the first for the purpose of transacting business. *Williams* v. *Robbins,* 16 Gray, 77. *Brown* v. *Parker,* 7 Allen, 337.

The remark of Mr. Justice Hoar, in *Draper* v. *Massachusetts Steam Heating Co.* 5 Allen, 338, that " there may be cases in which the signature is in such a form that it might be held to be either the signature of the principal or of the agent, and in such case a want of authority to bind the principal might well be regarded as fixing the personal liability of the agent," related to cases in which the names of both agent and principal appeared upon the face of the contract, and in a form making it doubtful which was intended to be bound.

The plaintiff much relied on the English cases in which an acceptor of a bill of exchange, in which a fictitious person was named as payee, has been held to stand as if it had been payable to bearer, and to be liable for the amount of the bill to one who has discounted it on the faith of his acceptance, even when the signature of the drawer for whose honor he accepted it was forged. *Gibson* v. *Minet,* 1 H. Bl. 569 ; *S. C.* 2 Bro. P. C. 48 ; 3 T. R. 481. *Phillips* v. *Im Thurn,* Law Rep. 1 C. P. 463 ; *S. C.* 18 C. B. (N. S.) 694. But those cases go upon the ground that the defendant's own acceptance bound him, so that he could not, even if he acted in good faith, dispute the genuineness of the prior signatures. They do not hold him liable upon those signatures as his own, but upon his own signature as acceptor.

The plaintiff also cited *Lobdell* v. *Baker,* 3 Met. 469, in which it was held that if the holder of a promissory note, indorsed in blank by the payee, caused it to be indorsed by a minor, and then sold it, without erasing this indorsement or otherwise making it appear on the note to be without binding force, he was liable to all subsequent holders upon his implied representation that the indorsement constituted a valid contract. But the action in that case was in tort for the false representation. See *S. C.* 1 Met. 193.

The plaintiff further contended that he might waive the tort and sue in assumpsit; for which he cited *Hill* v. *Perrott*, 8 Taunt. 274; *Biddle* v. *Levy*, 1 Stark. 20; and *Jones* v. *Hoar*, 5 Pick. 285. But as there was no offer to show that the defendant had received any money upon the notes, that rule does not apply. *Ladd* v. *Rogers*, 11 Allen, 209.

If the facts which the plaintiff offered to prove were true, he would seem to have been defrauded by the act of the defendant. But he must seek his remedy for such fraud in an appropriate form of action. He cannot compel the defendant to try the question of false representation in an action of contract upon the notes.

We regret that after much consideration our judgment is not unanimous. It is the opinion of a majority of the court, that, for the reasons above stated, this action cannot be maintained upon either alternative of the facts which the plaintiff. offered to prove. The result is, that, according to the terms of the report upon which the case was reserved, there must be

*Judgment for the defendant.*