Shauck, J.
The argument urged in support' of the personal liability of the defendants, is in substance, that the board of education is not liable upon the note, because the statute does not authorize it to create a valid obligation of such character; and that the defendants, having assumed authority which they did not have to bind the board, have thus rendered themselves liable upon the instrument, — that the words “the board of education,” etc., may and ought to be stricken from the body of the note as words descriptive of an assumed and unauthorized agency, leaving in the body of the instrument apt words to create the personal liability insisted upon.
That an action upon this instrument could not be maintained against the board of education is admitted; but that the personal liability of the defendants results therefrom as a legal conclusion is not clear upon either principle or authority. They assumed to act as officers of the board, and the board had purchased the school supplies for which the note was given. The defendants made no fraudulent misrepresentation of fact. They failed to bind the board because it was the creature of public" statute not vested with authority to execute such an obligation. Knowledge of a disability thus created may be presumed of the payee and of the plaintiff as well as of the defendants. The case does not present a concealment of facts specially known to one party and not to the other. The proposition asserted is not that one falsely repre *327 senting himself as authorized to bind another by the éxecution of an instrument of this character is liable for the damages which may result therefrom in an action brought for the purpose of charging him therewith, but that the absence of authority to bind another for whom he undertakes to contract renders him liable upon the instrument itself.
Collins v. The Insurance Co., 17 Ohio St., 215, is referred to as supporting the proposition stated. In that case the note sued upon was signed “ Edw’d K. Collins, agent.” The person for whom he assumed to be agent did not appear upon the paper. In the body of the instrument there were apt words to bind the signer.; there were no words to bind any other person. The signer was held to be liable upon the note, because an intention to charge himself was apparent upon the face of the instrument; and that it would change the whole tenor of the note to substitute for the words “ I (E. K. Collins) promise to pay” the words “the ship company promises to pay.” The case does not support the proposition; and upon principle it seems clear that it cannot be maintained. This action affirms that the defendants are liable upon the note. The petition alleges no fraudulent representations; nor does it contain any appropriate averments of damages; nor are any such representations or damages proved. The theory of the case is, that the defendants are liable upon the contract, because they undertook to bind another whom they had not authority to bind.
A promissory note is a written contract. Whether a person is liable upon a written contract is purely a question of intention to be gathered from the terms of the instrument. The intention to bind the board, and not the signers of this note, is too clear for discussion. To hold that the defendants are liable, notwithstanding this clearly expressed intention, would be to disregard settled rules of construction applicable to such cases. It is true that there are numerous cases, some in our own state, in which persons were held liable on commercial obligations signed as agents. But upon examination all of the cases decided in this state, and most of those decided elsewhere, will be found to be entirely consistent with this principle. In those cases there was no effort to contract for *328 any real or supposed principal, and there was, therefore, nothing to indicate an intention to charge any one but the signer himself.
We see no reason to doubt the correctness of the rule upon this subject stated by Daniels in section 306 of his work on Negotiable Instruments: “If the agent exceed his authority in signing his principal’s name, or his own professedly as binding his principal, who is named, he is not bound as a party to the paper itself, but only in an action of tort for falsely assuming authority to bind another.” With entire correctness the author states this to be the rule deducible from the body of decisions in England and America, although the contrary doctrine has been held in a few cases.
But counsel for the plaintiff advance a theory which is supposed to have respect to the rule, that parties are liable upon a written obligation according to their intention as therein indicated, and yet entitle the plaintiff here to a personal judgment against the defendants upon the note. It is that the words, “The board of education of German township, Darke county, Ohio,” may be rejected as descriptive of an unauthorized agency, leaving nothing in the instrument to-show an intention to bind the board, and bringing the case within the authority of the numerous decisions in Ohio and elsewhere, to the effect that the mere addition of such words as “ agent,” “ president,” and the like to the signature, will not relieve the signer from personal liability.
The case of Jefferson v. Weave, 44 N. H., 196, is relied upon as a direct authority to this point. The words of obligation in the note there sued on were: “ We, John Jefferson, prudential committee, and T. E. Groves, clerk of school district No. 15, in Weare * * * * jointly and severally promise to pay.” These were mere descriptions of the persons who signed the note. The instrument did not purport to be the obligation of the school district. By the natural force of its terms, it was the obligation of John Jefferson and T. E. Groves, who described themselves respectively as the “prudential committee” and the- “ clerk.” Being mere words of description, they did not show an intention to bind any but those who signed the instru *329 ment. Mere words of description may be rejected whether the description be authorized or not. The case really supports the rule stated, that a party is to be regarded as bound or not, according to the intention manifested in the instrument.
M. T. Allen and Dever & Allread, for plaintiff in error.
J. R. Knox, for defendants.
The words, “ The board of education of German township,, Darke county, Ohio,” in the note under consideration, are used in opposition to the preceding word “ we,” showing whom it designates. That the plural pronoun ought not to have been used, as a grammatical point, may be well taken-But it does not obscure the fact that the board of education was named as the obligor. It is the object of the court to ascertain the intention with which the instrument was executed, and in rendering judgment to give effect to such intention. That object would be defeated by striking from the instrument the words which unmistakably indicate an intention to charge the board and not the defendants, and thus create opportunity for an inference to the contrary.
This case is in principle identical with Jefts et al. v. York, 10 Cush., 392, where Chief Justice Shaw said, “Where a person acting as agent, borrows money for his principals, and gives their obligation for it, and it turns out that the principals were not of legal capacity to make such a contract, and of course could confer no such power on another, the agent is not personally liable on the contract, as his contract.”
This doctrine is re-affirmed and illustrated in Bartlett v. Tucker, 104 Mass., 336.
The conclusion there reached is quite harmonious with the decisions in our own state, and renders unnecessary the consideration of other questions argued hy counsel. We do not mean to intimate an opinion that upon the facts disclosed the defendants would be liable in an action of tort; nor that the board would not be liable in an action brought to recover the consideration of the note.
Judgment affirmed.