THE AGRICULTURAL NATIONAL BANK OF PITTSFIELD *vs.* GREAT AMERICAN INDEMNITY COMPANY.

Berkshire.    September 19, 1933. — September 10, 1934.

Present: RUGG, C.J., PIERCE, FIELD, & DONAHUE, JJ.

*Bills and Notes*, Check, Draft, Signature, Acceptance.

A claim agent of an insurance company, in settlement of a claim against the company, delivered to the claimant an instrument which at its top bore in print the company's name, the location of its home office in New York City, the statement that it was "Issued at" an address in this Commonwealth, and the date, followed by the words in print and typewriting, "Pay to the order of" the claimant "Fifty

Dollars. Statement of account In final payment of claim for injuries sustained" on a certain date. At the right of the bottom, in handwriting, was the individual signature of the agent without designation of his relation to the company, and at the left appeared the printed words, "Payable through" a certain bank at a certain address in New York City. There was nowhere a signature of the company. The claimant indorsed the instrument under the printed words: "Endorsement of this draft constitutes a release in full for account as stated herein." Another bank thereupon paid him $50 in cash. By direction of the company, the bank designated in the instrument refused to pay it on presentment, and the second bank brought an action against the company upon the instrument as a check. At a hearing, the company defended on the ground that the instrument was a draft on itself upon which it was not liable because it had not accepted it, and the trial judge so found and ruled. *Held*, that

(1) The instrument was a draft on the defendant;

(2) The signature of the agent in no sense could be found to be a signature of the company "in a trade or assumed name" within the meaning of G. L. (Ter. Ed.) c. 107, § 40, or otherwise;

(3) The company's signature in acceptance not appearing on the instrument, it was not liable upon the instrument as a draft by reason of said § 40.

In G. L. (Ter. Ed.) c. 107, § 40, providing that "No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name," the words "except as herein otherwise expressly provided," refer only to the making of signatures "in a trade or assumed name," and not to any of the provisions of §§ 41, 42.

CONTRACT. Writ in the District Court of Central Berkshire dated May 3, 1932.

The action was heard in the District Court by *Hibbard*, J. Material facts found and rulings made by him are described in the opinion. He found for the defendant and reported the action to the Appellate Division for the Western District. The report was ordered dismissed. The plaintiff appealed.

*J. F. Noxon, Jr., & M. L. Eisner*, for the plaintiff, submitted a brief.

*W. F. Hinckley*, for the defendant.

DONAHUE, J. The plaintiff brought suit in a district court on an instrument which it asserts in its declaration and contends at argument is a check. No contention was made that the plaintiff had exercised its option to treat

the instrument as a note (G. L. [Ter. Ed.] c. 107, § 153). The defendant contends that the instrument is not a check but is a draft, and that in the absence of acceptance by the defendant it has not become liable to the plaintiff on the instrument. The trial judge ruled that the instrument was a draft and found for the defendant. The Appellate Division ordered the report dismissed and the plaintiff has appealed from that decision.

The instrument in question bore at its top in print the defendant's name, the words *"Home Office   One Liberty Street   New York City"* and *"Issued at"* followed in typewriting by the words "Springfield, Mass." and the date "Jan., 20, 1932." Then follow the words: *"Pay to the order of* PATRICK SAMALE . . . FIFTY . . . *Dollars Statement of account* In final payment of claim for injuries sustained Jan., 2, 1932. 2 weeks total disability, Jan., 2nd to Jan., 15th, 1932, inc. *File No.* 37–A–35 *Assured* Patrick Samale *Injured* Accident & Health." At the bottom of the instrument at the right is the signature. "Ralph C. Jandreau" and at the left appear the words: *"Payable through Chatham-Phenix National Bank and Trust Co. 149 Broadway, New York, N. Y."* The signature was in handwriting. The words in italics were in print and the remaining quoted words in typewriting. The payee indorsed it under the printed words: "Endorsement of this draft constitutes a release in full for account as stated herein." Jandreau, who signed his name to the instrument, was an agent of the defendant and delivered it to the payee in settlement of a claim against the defendant. The payee brought it to the plaintiff bank where it was not taken for the purpose of collection. He was paid the sum of $50 in cash. The plaintiff forwarded the instrument to its New York correspondent, and through the New York clearing house it was presented at the bank named in the instrument, where payment was refused. The refusal was by direction of the defendant "for a legitimate reason" not known to it at the time the instrument was issued.

The name of the defendant appears conspicuously printed on the instrument in the position where in the case of a

check generally the name of a bank is found. A "check" is defined by the statute as "a bill of exchange drawn on a bank" (G. L. [Ter. Ed.] c. 107, § 208). Giving effect to the order and arrangement of words and to the usual sense of the words employed, the direction to pay is reasonably to be construed as addressed to the defendant and not to the bank. The amount stated is "payable through" the bank, but those words are not inconsistent with the construction that the instrument is drawn on the defendant and after its acceptance or waiver of acceptance payment would be made at the designated bank. The instrument is self styled a "draft" in the printed words preceding the payee's indorsement, through which the plaintiff derived its title. One taking such an instrument would from its content be informed that the order to pay was given in connection with the settlement of a claim for disability against the defendant, but the form of instrument adopted to consummate the settlement, containing no promise or order in the name of the defendant, indicated that there would be no liability on the defendant in a suit upon the instrument unless the order should be accepted by the defendant. The trial judge rightly ruled that the instrument was a draft.

The plaintiff cannot recover against the defendant on the instrument for the reason that its signature nowhere appears thereon. The liability of such a party has been denied in many cases in this Commonwealth before the passage of the negotiable instruments act. For instances see *Bank of British North America* v. *Hooper*, 5 Gray, 567; *Bass* v. *O'Brien*, 12 Gray, 477; *Brown* v. *Parker*, 7 Allen, 337; *Bartlett* v. *Tucker*, 104 Mass. 336. The law now governing the matter is expressed definitely in G. L. (Ter. Ed.) c. 107, § 40, in the words "No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name." The defendant's signature not appearing on the paper, under the general rule stated in the statute no liability of the defend-

ant to the plaintiff on the instrument was created. Nor on the facts appearing does the defendant come within either of the only two exceptions recognized by the statute. The record does not warrant the conclusion that the signature which the instrument bore on its face, "Ralph C. Jandreau," was the signature of the defendant in a "trade" or "assumed" name. The only signature upon the instrument when it was issued was in the real name of the actual signer. The defendant's real name appeared above the statement of the order to pay addressed to it by Jandreau. By reason of this section of the statute it is not merely the appearance on an instrument of a party's name but the appearance of his name as a signature which makes him liable. There is nothing to indicate that the defendant conducted its business generally in the name of Jandreau. A reasonable construction of the instrument indicates that in the present instance of the defendant's business the signature of Jandreau was not that of the defendant in a "trade or assumed" name whereby the defendant intended to undertake, or gave any holder the right to assume that the defendant undertook, the obligations which the drawer of a draft assumes when he signs it. On the contrary, since the defendant in its own name appears as drawee, its liability on the instrument would arise only upon its signing in acceptance.

The plaintiff contends in effect that the two following sections of the statute provide exceptions or qualifications to the rule of liability stated in § 40 that no person shall be liable on an instrument unless his signature appears thereon. In terms the rule applies "except as herein otherwise expressly provided" and that section itself expresses the only exceptions recognized, namely, where the signature is in a "trade" name or where it is in an "assumed" name. Furthermore the terms and the manifest purposes of the sections relied on do not permit the construction that they were intended to qualify that clearly stated rule. Section 41, providing that "The signature of any party may be made by a duly authorized agent," has no application where the instrument bears no signature of the party

sought to be charged either in his own or in a trade or assumed name. Section 42 provides: "Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if ⁄he was duly authorized . . . ." This section throughout deals only with the question of the circumstances under which an agent who signs a note becomes personally liable thereon. It does not purport to deal with the liability of a principal. It does not qualify the freedom from liability of one whose signature does not appear upon a negotiable instrument as expressed in § 40. The plaintiff places great reliance on the case of *Austin, Nichols & Co. Inc.* v. *Gross*, 98 Conn. 782, where the suit was against an individual who signed a check in his own name and defended on the ground that he was duly authorized so to sign on behalf of a corporation of which he was treasurer. His personal liability by the terms of a section of the statute identical with our § 42 turned on the question whether he was duly authorized. It was held error to exclude parol evidence of his authority. Printed words on the check bore the name of the corporation. The alleged principal was not a party and its liability to the plaintiff was not in issue. The section of the Connecticut statute corresponding to our § 40 was not involved or discussed.

In the present case, from the facts that Jandreau was a claim agent of the defendant and had authority to draw upon his principal, it does not follow that, when he proceeded to do so and signed his own name to the draft as drawer, his signature was the signature of the defendant, and that the defendant is liable on the draft within the requirements of the statute that no person shall be liable in an action on a negotiable instrument whose signature does not appear thereon.

*Order dismissing report affirmed.*